**Axel A. STENSWICK,
Plaintiff-Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of
Health and Human Services,\*
Defendant-Appellee.**

**No. 86–3634.**

United States Court of Appeals,
Ninth Circuit.

Argued March 3, 1987.

Submitted March 16, 1987.

Decided April 17, 1987.

---

\* Otis R. Bowen, M.D. is substituted for his predecessor, Margaret M. Heckler, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

H. James Oleson, Kalispell, Mont., for plaintiff-appellant.

Robert J. Brooks, Butte, Mont., and Deana R. Ertl-Brackett, Denver, Colo., for defendant-appellee.

Before SNEED and HALL, Circuit Judges, and STEPHENS,** District Judge.

STEPHENS, Senior District Judge:

Stenswick established his eligibility for Social Security disability benefits through administrative and judicial proceedings. The judicial proceedings were conducted before a United States Magistrate pursuant to 28 U.S.C. sec. 636(c)(1). On September 24, 1985, the magistrate awarded attorney's fees of $6,554.07 to Stenswick's attorney for his representation of Stenswick in the administrative and judicial proceedings. On October 15, 1985, the Secretary of Health and Human Services filed a Fed.R. Civ.P. 60(b) motion alleging that the court had not possessed the authority to award attorney's fees for representation in the administrative proceedings. On November 13, 1985, Stenswick's attorney filed a Satisfaction of Order which acknowledged payment and receipt of the award. On January 31, 1986, the magistrate issued an order stating that he had erred in awarding fees for work performed at the administrative level and reducing the award to $4,531.50. Plaintiff timely appealed. The appeal is presented to this court pursuant

** Honorable Albert Lee Stephens, Jr., Chief Judge Emeritus, Central District of California, sitting by designation.

to 28 U.S.C. sec. 636(c)(3). The order is affirmed.

The magistrate had no authority to award attorney's fees for representation of a Social Security claimant in administrative proceedings, "that power being granted by 42 U.S.C. [sec.] 406(a) to the Secretary alone." *MacDonald v. Weinberger,* 512 F.2d 144, 146 (9th Cir.1975).[1] *MacDonald* cited *Fenix v. Finch,* 436 F.2d 831, 838 (8th Cir.1971), which reviewed 42 U.S.C. sec. 406 and ruled that "the court is without jurisdiction to award fees at the administrative level." Because the magistrate exceeded his authority and acted without jurisdiction, that portion of the order awarding fees for representation at the administrative level was void. *Watts v. Pinckney,* 752 F.2d 406, 409 (9th Cir.1985); *Jones v. Giles,* 741 F.2d 245, 248 (9th Cir. 1984); *see generally United States v. Walker,* 109 U.S. 258, 3 S.Ct. 277, 27 L.Ed. 927 (1883) (court order beyond power conferred by statute is void). The Secretary's Rule 60(b) motion was an appropriate procedure to obtain relief from the void award. *See* Fed.R.Civ.P. 60(b)(4); *Watts,* 752 F.2d at 410. The magistrate was correct in vacating the improper award of fees.

However, Stenswick's attorney argues that payment of the original fee award terminated the Secretary's right to challenge the award by way of a Rule 60(b) motion. He essentially argues that payment of the award operated as an accord and satisfaction or waiver of any right to contest the award. To support this argument, he relies on certain Montana Supreme Court cases stating that a voluntarily paid judgment amounts to an accord and satisfaction and thus extinguishes any right to appeal the judgment. In *Watts,* 752 F.2d at 409–10, the court was presented with an identical line of argument against a Rule 60(b)(4) motion. The court held that such rules governing the appealability of satisfied judgments are "inapplicable to a challenge of a void judgment."[2]

*Watts* also cited *Jordon v. Gilligan,* 500 F.2d 701 (6th Cir.1974), *cert. denied,* 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975), which further undercuts the argument presented by Stenswick's attorney. In *Jordan,* the district court awarded attorneys' fees against the State of Ohio. The state filed a Rule 60(b) motion to vacate the award on the basis that it was void and shortly thereafter voluntarily paid the award. The district court denied the motion, and the state appealed. The Sixth Circuit held that the award against the state was void by virtue of the Eleventh Amendment and that the Rule 60(b) motion should have been granted. In arriving at these holdings, the court rejected the argument that the voluntary payment of the award precluded an attack on the void award pursuant to Rule 60(b).

The case law does not support Stenswick's attorney in his attempt to preserve the void portion of the fee award. The Secretary's voluntary payment of the attorney's fees did not preclude him from challenging the void portion by way of Rule 60(b). The reduction in the award was correct.

AFFIRMED.

---

1. *MacDonald* represents the law of the Circuit. Contrary to plaintiff's assertion, there is no need to depart from it or modify it in any way.

2. It should be noted that the cases involving the appealability of satisfied judgments do not squarely apply to an order awarding attorney's fees. The Secretary is not challenging the underlying judgment in Stenswick's favor. The Secretary is challenging the award of attorney's fees, which is ancillary to the judgment. *See Liberty Mutual Insurance Co. v. E.E.O.C.,* 691 F.2d 438, 441 n. 5 (9th Cir.1982).