**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DREAM GAMES OF ARIZONA, INC. and AMERICAN SOFTWARE DEVELOPMENT COMPANY, INC.,

        Plaintiffs - Appellees,

  v.

 PC ONSITE and CASEY HAGON,

        Defendants - Appellants,

  and

GARLAND PIERCE,

        Defendant,

  v.

PAUL PEREZ,

        Third-party-defendant - Appellee.

No. 10-16336

D.C. No. 2:03-cv-00433-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Roslyn O. Silver, Chief District Judge, Presiding

Submitted August 23, 2011[**]

Before: CANBY and WARDLAW, Circuit Judges, and MILLS, Senior District Judge.[***]

PC Onsite appeals the district court's denial of its motion under Federal Rule of Civil Procedure 60(b) seeking reconsideration of the court's decision awarding attorney fees to Dream Games of Arizona. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

PC Onsite sought reconsideration on the ground that the attorney fee award was void under Rule 60(b)(4), but this provision "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010). PC Onsite does not assert any due process violation. Its only jurisdictional argument is that the district court erred by awarding attorney fees in the absence of an explicit jury finding that PC Onsite commenced infringement after Dream Games registered for copyright protection on November 27, 2002. The Copyright

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

2

Act, 17 U.S.C. § 412, "precludes an award of attorneys' fees if the copyrighted work is not registered prior to the commencement of the infringement, unless the registration is made within three months after the first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701-02 (9th Cir. 2008).

However, this requirement of § 412 is "a precondition to obtaining a [form of relief], not a limitation on the [district] court's jurisdiction." *Espinosa*, 130 S. Ct. at 1378; *see also Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1247 (2010). PC Onsite's reliance on *Stenswick v. Bowen*, 815 F.2d 519, 521 (9th Cir. 1987), is misplaced, as there the court determined that a magistrate judge lacked jurisdiction to award attorney fees for work performed in an administrative Social Security proceeding because a statute expressly reserved such authority for the Secretary of Health and Human Services. The Supreme Court has recently held that the other case on which PC Onsite relies, *United States v. Walker*, 109 U.S. 258 (1883), is no longer controlling because it predated the enactment of Rule 60(b)(4). *See Espinosa*, 130 S. Ct. at 1379 n.12. Because the judgment is not void due to a jurisdictional error, the district court did not abuse its discretion in denying PC Onsite's Rule 60(b)(4) motion.

Alternatively, the district court did not abuse its discretion in denying PC Onsite's motion because the jury made a finding on the timing of the infringement.

3

The jury was instructed: "If you find that . . . defendants began to engage in copyright infringement before November 27, 2002, then you may not award statutory damages to Dream Games."  "'The law presumes that jurors carefully follow the instructions given to them,' and there is nothing to suggest that they failed to do so here." *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1023 (9th Cir. 2000) (quoting *Wade v. Calderon*, 29 F.3d 1312, 1321 (9th Cir. 1994)) (citation omitted).  In its special verdict the jury specifically found that plaintiffs were entitled to statutory damages.  The jury thus implicitly found that infringement commenced following registration.

**AFFIRMED**.