**John S. MacDONALD,**
**Plaintiff-Appellee,**

v.

**Caspar W. WEINBERGER, Secretary of the Department of Health, Education and Welfare, Defendant-Appellant.**

No. 74-2734.

United States Court of Appeals,
Ninth Circuit.

March 4, 1975.

Donald Etra (argued), Dept. of Justice, Washington, D. C., for defendant-appellant.

No appearance for plaintiff-appellee's attorney, the real party in interest.

Before ELY, CARTER and GOODWIN, Circuit Judges.

## OPINION

ELY, Circuit Judge:

After unsuccessfully prosecuting a *pro se* claim for retroactive Social Security disability benefits through the Department of Health, Education and Welfare (HEW), MacDonald secured the professional services of an attorney. On MacDonald's behalf, the attorney filed a suit against the Secretary of HEW in the District Court, but before the court heard the merits of MacDonald's claim, the Secretary moved that the matter be remanded to HEW for further administrative consideration. MacDonald consented to the Secretary's request, and the district judge granted the Secretary's motion. After a new hearing within the agency, HEW allowed MacDonald's claim and awarded him $9,748 in past-due benefits.

MacDonald's attorney then filed a petition in the District Court for an allowance of $1,200 in attorney's fees, to be paid from the benefits awarded MacDonald. In his petition, the attorney alleged that he had originally taken MacDonald's case for a contingent fee of one-third of the benefits awarded, plus a $150 retainer, but that subsequently he had learned that the one-third fee exceeded the 25 percent maximum allowed by law.[1] The attorney further stated that while he could not justify requesting 25 percent of MacDonald's award, he

---

1. 42 U.S.C. § 406(b)(1).

believed that $1,200 would be reasonable in view of the contingent nature of his original contract with MacDonald, even though the amount of time he had spent on MacDonald's case, if billed at his normal hourly rate, plus his expenses, would total only $663.[2]

At a hearing on the petition for attorney's fees, MacDonald testified that he and his attorney recently had agreed to a settlement of the attorney's fee for $663 and that he had tendered payment in that amount. Although the attorney was present at the hearing, he neither testified nor in any other way refuted MacDonald's testimony about the alleged settlement. Nevertheless, after the hearing, the district judge entered an Order granting a fee of $1,200 and specifying that the fee was for MacDonald's representation both before the Secretary and in the District Court.

The Secretary appeals from the District Court's order, contending that the District Court has no authority to award an attorney's fee for representing a disability claimant in proceedings before HEW. The Secretary further argues that the district judge improperly award-ed the claimed $1,200 fee without adequately questioning whether the fee was reasonable in the circumstances of the case.

■ Under 42 U.S.C. § 406(b)(1), a District Court may award a reasonable fee to an attorney for representing a Social Security claimant before the court. The court has no authority to award an attorney's fee for representation of a claimant before the Secretary, that power being granted by 42 U.S.C. § 406(a) to the Secretary alone.[3] Whitehead v. Richardson, 446 F.2d 126 (6th Cir. 1971); Fenix v. Finch, 436 F.2d 831, 838 (8th Cir. 1971); McKittrick v. Gardner, 378 F.2d 872, 876 (4th Cir. 1967); Gardner v. Menendez, 373 F.2d 488 (1st Cir. 1967).[4]

■ A district judge must determine in each case whether the fee an attorney requests for representing a Social Security claimant before the District Court is reasonable. The competing considerations before the court are that while the attorney's compensation must be sufficient to encourage members of the bar to undertake representation of disability claimants, the disability award,

2. Apparently, this amount represents a charge for services rendered both before the District Court and the Secretary.

3. In Webb v. Richardson, 472 F.2d 529 (6th Cir. 1972), the court took a somewhat different view of 42 U.S.C. § 406(a) and (b)(1), holding that only the tribunal that ultimately upholds a claimant's award may approve and certify payment of an attorney's fee, and that the fee so awarded may compensate for representation before both the court and the Secretary. We note only that Webb, with which we disagree, does not support the District Court's action here. MacDonald's claim ultimately was approved not by the court, but by the Secretary.

4. The pertinent statutory provisions are as follows:

42 U.S.C. § 406(a): * * *

The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void. Whenever the Secre-tary, in any claim before him for benefits under this subchapter, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

42 U.S.C. § 406(b)(1):

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

from which the attorney's fee is paid, is normally an already-inadequate stipend for the support and maintenance of the claimant and his dependents. *Cf.* Redden v. Celebrezze, 370 F.2d 373, 376 (4th Cir. 1966). While the district judge may consider the fact that a lawyer has taken a case on a contingent compensation basis, the judge may not unquestionably approve the award of the 25 percent maximum fee, or any other amount claimed on the basis of a contingent fee contract. Rather, in each case, the judge must assess the value of the lawyer's services to the client, as the judge observes those services in the judicial proceedings. McKittrick v. Gardner, 378 F.2d 872 (4th Cir. 1967). It would appear that in cases such as MacDonald's, in which the disability claim is ultimately upheld by HEW, not the District Court, the attorney should look primarily to the Secretary for the major part of his compensation.

Since the District Court's Order awards MacDonald's lawyer a fee for his work both before the court and the Secretary, the Order must be vacated. We remand the matter to the District Court for a determination of such fee award, if any, that should be allowed the attorney for his representation of MacDonald in the District Court only.[5] *Cf.* Whitehead v. Richardson, *supra.* The attorney may apply, as he has already done,[6] to the Secretary for an allowance of a fee for representing MacDonald before HEW.

Reversed and remanded, with directions.

---

5. It is not clear from the record in this case why the District Court disregarded MacDonald's sworn testimony that he and his attorney had agreed to settle, for $663, any dispute as to the appropriate amount of the attorney's fee. The $663 amount was itemized in the attorney's petition, and while the attorney had ample opportunity to refute MacDonald's testimony, he did not do so. In the light of this uncontroverted testimony about a settlement, we believe that an appropriate award in the District Court would be that portion of the $663 that the Court finds reasonably is attributable to the time the at-

torney spent and the expenses he incurred in representing MacDonald before the District Court. *See supra,* n. 2.

6. In addition to his petition for an allowance of fees in the District Court, we learned during oral argument that MacDonald's lawyer has now petitioned the Secretary for a fee award of $1,200. Our decision in this case relates only to the fee award in the District Court. We express no view as to the proper disposition that should be made by HEW in respect to the new petition for fees that MacDonald's lawyer has filed with that agency.