613 F.Supp. 722 (1985)
Earl BRISSETTE, Plaintiff,
v.
Margaret HECKLER, Secretary of Health and Human Services, Defendant.
No. 82-1427C(B).
United States District Court, E.D. Missouri, E.D.
June 25, 1985.
On Motion July 17, 1985.
*723 John W. Reid, II, Fredericktown, Mo., for plaintiff.
Jill Newman, Asst. U.S. Atty., St. Louis, Mo., for defendant.
On Motion For Attorney's Fees July 17, 1985.

*724 MEMORANDUM
REGAN, District Judge.
This matter is before the court upon the plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) [1982].
On September 21, 1973, plaintiff Earl L. Brissette filed an application for a period of disability and disability insurance benefits pursuant to 42 U.S.C. § 416(i) and 423. He alleged that he had been unable to work since July 7, 1972 due to injuries incurred as a result of a truck-automobile accident. His application was denied upon initial consideration but approved upon reconsideration. A period of disability was established as of July, 1972. On July 15, 1981, the Social Security Administration determined that plaintiff's disability ceased as of June, 1981, with the period of disability terminating on August 31, 1981. It was found that plaintiff was capable of returning to his past work. The decision to terminate plaintiff's benefits was affirmed upon reconsideration. On February 5, 1982, plaintiff appeared at a hearing held before an Administrative Law Judge (ALJ) at which he testified and was represented by counsel. On March 4, 1982, the ALJ determined that plaintiff ceased to be disabled in June, 1981 and that his entitlement to a period of disability and disability insurance benefits ended in August, 1981. On August 4, 1982, the Appeals Council affirmed the ALJ's decision. This then became the final decision of the defendant Secretary of Health and Human Services. On September 7, 1982, plaintiff filed his petition in the United States District Court seeking judicial review of the defendant's decision. 42 U.S.C. § 405(g).
On June 16, 1983, the undersigned United States District Judge entered an order affirming the denial of claimant's appeal by entering summary judgment in favor of the defendant and against the plaintiff, 566 F.Supp. 626. On March 30, 1984, the United States Eighth Circuit Court of Appeals found that the ALJ had failed to develop the record and the Eighth Circuit remanded the case to the United States District Court with directions to remand to the Secretary for further proceedings consistent with the court's opinion, 730 F.2d 548.
On July 27, 1984, the claimant was afforded another hearing before Administrative Law Judge F. Daley Abels. On August 23, 1984, ALJ Abels rendered a decision in favor of the claimant.
On June 30, 1983, the claimant hired John W. Reid, II, to represent him on his appeal of the United States District Court's decision denying reinstatement of claimant's social security disability benefits to the United States Court of Appeals for the Eighth Circuit. Mr. Reid also represented the claimant at his hearing before the Administrative Law Judge on July 27, 1984. On February 27, 1985, the claimant filed a motion for attorney's fees under the Equal Access to Justice Act.
The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) [1982] provides:
Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States, fees and other expenses, in addition to any costs awarded pursuant to subsection (a) incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States and any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
Thus, the prerequisite to any award of attorney's fees under the Equal Access to Justice Act are that the claimant was a "prevailing party", that the position of the government was not "substantially justified," and that no "special circumstances" make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). As there is no dispute that plaintiff was a prevailing party within the terms of the statute, we turn now to a consideration of whether or not the position of the United States was substantially justified.
*725 The test of whether the position of the government is substantially justified is essentially one of reasonableness in law and in fact, and the United States has the burden of showing the substantial justification of its position. Cornella v. Schweiker, 728 F.2d 978, 982 (8th Cir.1984), citing H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10-11, reprinted in 1980 U.S.Code Cong. & Ad.News, 4953, 4989; Foley Const. Co. v. U.S. Army Corp of Engineers, 716 F.2d 1202, 1204 (8th Cir.1983).
After a thorough and careful review of the transcripts, briefs and motions filed in this case, it is the opinion of this court that the United States' position did have a reasonable basis in law and fact, thus meeting its burden of proving a substantial justification of its position.
This case is similar to Anderson v. Heckler, No. 84-1157-SI (8th Cir., August 30, 1984), wherein the motion for an award of attorney's fees and expenses was denied. In that case, the Eighth Circuit held that as the government prevailed in the District Court, the position of the government was "substantially justified" within the meaning of the Equal Access to Justice Act, and thus denied the plaintiff's motion for award of attorney's fees and expenses. Id.
Therefore, for the foregoing reasons, the plaintiff's application for attorney's fees under the Equal Access to Justice Act is denied.

On Motion For Attorney's Fees
This case is now before this court on the motion of the plaintiff's attorney to obtain an award of attorney's fees for the representation of the plaintiff. This claim arose out of counsel's representation of Earl Brissette. Subsequent to a remand by the Eighth Circuit Court of Appeals on March 30, 1984, the claimant was afforded another hearing before an Administrative Law Judge, and on August 23, 1984, the ALJ rendered a decision in favor of the claimant.
Presently, the Social Security Administration is withholding $9,699.12 for payment of attorney's fees, which represents 25% of accrued benefits. Counsel has submitted an itemization of his hours and is requesting approval of a fee application in the amount of $8,799.12. The Social Security Administration has already allowed the plaintiff's attorney $900.00. The original contract signed by the plaintiff and his counsel was contingent, providing for a 25% recovery. The attorney for plaintiff spent approximately 46.25 hours in preparation for the judicial phase of this case.
The relevant statutory provision, 42 U.S.C. § 406(b)(1), provides the district court with the discretion to award a reasonable attorney's fee to an attorney for the representation of a Social Security claimant before the court. MacDonald v. Weinberger, 512 F.2d 144 (9th Cir.1975). The statutory provision contains a maximum allowance of 25% of the back pay award. Therefore, this court may not award a fee any greater than that amount. In addition, a court is obligated in every case to determine a reasonable fee for services rendered; routine approval of the statutory maximum allowable fee should be avoided in all cases. Allen v. Heckler, 588 F.Supp. 1247, 1250 (W.D.N.Y.1984), quoting Redden v. Celebrezze, 370 F.2d 373, 376 (4th Cir.1966). Finally, a district court is without jurisdiction to award a fee for services at the administrative level. Fees for legal services performed at the agency level are committed by statute to the discretion of the Secretary of Health and Human Services. Whitt v. Califano, 601 F.2d 160 (4th Cir.1979); MacDonald v. Weinberger, 512 F.2d 144 (9th Cir.1975); Fenix v. Finch, 436 F.2d 831 (8th Cir.1971).
Counsel and plaintiff agreed to payment on a contingency basis in this case. Although this court will consider the fact that payment was arranged in this manner, the award of this fee may not be unquestionably approved in this type of case. MacDonald v. Weinberger, supra, 512 F.2d at 147; Reeves v. Mathews, 435 F.Supp. 419, 425 (E.Tenn.1977). A valid consideration in making an award of attorney's fees is that the fee is to be paid from *726 the limited resources of a claimant. Reeves v. Mathews, supra.
Therefore, it is the conclusion of this court that counsel should be allowed a total fee in the amount of a reasonable hourly rate times the number of hours spent in preparation for proceedings before this court. In light of the complexity of a case of this nature, $60.00 an hour is a reasonable hourly rate. Therefore, counsel will be awarded a fee of $2,775.00 for his work in preparing the judicial phase of this case.[1]
NOTES
[1] This amount represents 46.25 hours times $60.00. The itemization submitted by plaintiff's attorney contained a total of 63.50 hours. However, 17.25 of these hours represented the time representing plaintiff at the administrative level (after and including May 9, 1984). As discussed in the text, fees for such legal services are committed to the discretion of the Secretary and plaintiff's counsel has advised this court that he has been awarded $900.00 for his work before the Secretary.