Earl BRISSETTE, Appellant,

v.

Margaret HECKLER, Secretary of
Health and Human Services,
Appellee.

No. 85–1903.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 17, 1986.

Decided Feb. 25, 1986.

John W. Reid, II, Fredericktown, Mo., for appellant.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

BRIGHT, Senior Circuit Judge.

John W. Reid II is the present attorney for Earl W. Brissette, a claimant for Social Security Disability Benefits. Through Brissette, attorney Reid appeals two orders of the district court: one, in which the district court refused to award attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (as amended and extended by Act of Aug. 5, 1985, Pub.L. No. 99–80, 99 Stat. 183 (1985)); and the other, in which the district court denied the fee claim for twenty-five percent of Brissette's past due benefits based on a contingent fee contract and the maximum percentage of past due benefits available under the Social Security Act, 42 U.S.C. § 406(b)(1) (1982). The district court denied fees under the EAJA after determin-

ing that the government's position in this litigation had been substantially justified. After noting that the attorney had already received $900.00 from the Social Security Administration for representing Brissette in the administrative phase of the case, the district court allowed a fee of $60.00 per hour for the hours spent preparing for the judicial phase of the case but denied the fee request based on the contingent fee contract. This appeal followed. We affirm on the EAJA issue without further discussion for the reasons given by the district court in its order of June 25, 1985, 613 F.Supp. 722,[1] but reverse and remand on the fee adjudication for attorney Reid.

Brissette lost disability benefits awarded in 1974 through an administrative determination in 1981. Seeking to have his benefits restored, Brissette obtained counsel from the Meramec Area Legal Aid Corporation. Brissette's case proceeded administratively and on appeal to the district court without success. After the unsuccessful appeal to the district court, the legal aid corporation declined to expend further time or money on the case. Brissette retained his present attorney, J.W. Reid II, and agreed to pay Reid twenty-five percent of the past due benefits recovered under a contingent fee arrangement. Attorney Reid briefed and argued the appeal in the Eighth Circuit, and obtained a remand of the case to the Secretary. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir.1984). Thereafter, attorney Reid represented Brissette in an abbreviated hearing before an ALJ of the Social Security Administration. The ALJ recommended that Brissette continue to receive disability benefits. Subsequently, the Social Security Administration agreed and awarded benefits to Brissette, including past due benefits.

The Social Security Administration retained twenty-five percent of the past due benefits ($9,699.12) owed to Brissette to be held for payment of attorney's fees. 42 U.S.C. § 406(b)(1). Attorney Reid then petitioned the Social Security Administration for attorney's fees based on his contingent fee contract. The Social Security Administration authorized a fee award of $900.00 covering only the cost of representation in the administrative hearing. Reid then petitioned the district court for attorney's fees in the amount of the Social Security Act's statutory maximum of twenty-five percent of past due benefits based on the contingent fee contract. Reid also filed a motion for attorney's fees under the EAJA. As previously noted, the district court denied the request for attorney's fees under the EAJA because it found that the Social Security Administration's position had a reasonable basis in law and fact. *Cornella v. Schweiker*, 728 F.2d 978, 981–82 (8th Cir. 1984). In addition, the district court disallowed the twenty-five percent contingent fee claim and awarded a fee based on a $60.00 per hour rate for the 46.25 hours spent in preparation of the judicial phase of the case as a "reasonable hourly rate * * * in light of the complexity of the case." Under the circumstances of this case, we believe the district court improperly evaluated Reid's services.

We do not read the district court's opinion as taking into account any contingency factor in this case. As we have noted, legal aid believed the case lacked merit and refused to proceed further with it. Thus, when Reid agreed to represent the claimant, he obviously accepted a case with a

---

1. This court has held that "the EAJA applies to Social Security Act cases." *Cornella v. Schweiker*, 728 F.2d 978, 987 (8th Cir.1984) (footnote omitted). We note that other circuits have held that section 406(b) of the Social Security Act does not directly or indirectly place a ceiling on the amount of attorneys' fees which may be awarded against the government pursuant to the EAJA. *Watford v. Heckler*, 765 F.2d 1562 (11th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985); *Wolverton v. Heck-*ler, 726 F.2d 580 (9th Cir.1984). Further, to avoid double recovery, the Fourth Circuit has stated that any award received by a claimant's attorney under the EAJA must be used to reimburse the claimant up to the amount awarded under 42 U.S.C. § 406(b)(1). *Guthrie v. Schweiker*, 718 F.2d 104, 108 n. 11 (4th Cir. 1983). However, we do not reach this issue here because of our affirmance denying recovery under the EAJA.

high risk of loss, which would, if lost, produce no fee.

We agree that the contingent fee arrangement does not bind the district court in its determination of the fee award. *MacDonald v. Weinberger*, 512 F.2d 144, 146–47 (9th Cir.1975); *McKittrick v. Gardner*, 378 F.2d 872 (4th Cir.1967). Nevertheless, from our review of the record, taking into consideration the high-risk nature of the case, we believe claimant's attorney should be compensated at the rate of $120.00 per hour for the 46.25 hours spent representing Brissette in the judicial phase of the litigation. Under this formula, Reid is entitled to a fee of $5,540.00.[2]

Accordingly, we affirm in part, but reverse and remand the attorney's fee award under § 406(b)(1), and direct that the district court increase the fee award previously set at $2,775.00 to $5,540.00.

2. Reid's total fee amounts to $6,440.00 which includes $900.00 for processing Brissette's claim before the ALJ and the Social Security Administration. We have set Reid's fee, rather than remanding to the district court for a revised determination, because the fee relates to the attorney's work on an appeal to this Court.