**Gene L. GAMBER, Plaintiff-Appellant,**

**v.**

**Otis R. BOWEN, Secretary, Department of Health and Human Services of the United States of America, Defendant-Appellee.**

No. 86-5435-SD.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1987.

Decided July 10, 1987.

James D. Leach, Rapid City, S.D., for plaintiff-appellant.

Jeffrey C. Blair, Denver, Colo., for defendant-appellee.

Before: ARNOLD, JOHN R. GIBSON, and WRIGHT,* Circuit Judges.

EUGENE A. WRIGHT, Senior Circuit Judge:

We are asked to determine whether Gene Gamber should be awarded attorney fees under the Equal Access to Justice Act. The district court[1] denied them, finding that the government's position was substantially justified. We reverse.

---

* The HONORABLE EUGENE A. WRIGHT, Senior United States Circuit Judge for the United States Court of Appeals, Ninth Circuit, sitting by designation.

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

## BACKGROUND

Gamber applied for disability benefits in 1983, complaining that back, stomach, and chest pain prevented him from working. The agency acknowledged that his ability to read, write, and understand was limited, and referred him for mental and physical evaluations.

Testing revealed that he had an IQ of 68, placing him in the category of severe, mild retardation. Dr. Buzzetta noted that Gamber had poor social judgment, had difficulty controlling impulses and formulating ideas, was neurologically damaged, and was probably severely learning-disabled. A physical exam identified no medical abnormalities, but revealed a history of back problems. A vocational counselor opined that Gamber had applied for disability benefits because of his intellectual rather than physical problems. After a full medical and vocational analysis, his application was denied, as was a subsequent request for reconsideration.

At his first hearing, without counsel, the ALJ denied him benefits. Recognizing that Gamber was retarded, the judge found that he lacked additional impairments needed to classify him as disabled. The ALJ concluded that, because Gamber had worked at several jobs after his alleged date of disability, and claimed to have been laid off from or to have voluntarily quit those, he was able to work. He determined that there was no medical evidence of physical impairment or work limitation beyond lifelong diminished intelligence, and that Gamber was capable of returning to his past work. The Appeals Council declined review.

After obtaining counsel, Gamber appealed to the district court. He presented affidavits that supported his pain complaints, and included new information regarding significant emotional problems. The district court remanded, finding that Gamber had been prejudiced by lack of counsel. The court found also that the ALJ failed to develop the record adequately. It stated that the ALJ (1) ignored evidence that Gamber was unable to hold a job for any significant time, (2) failed to explore Gamber's complaints of back injury and pain, and (3) failed to explain fully to Gamber his right to counsel. On remand Gamber was granted benefits.

Gamber then sought attorney fees under the Act. The district court denied them, holding that the Secretary's position was substantially justified and Gamber appeals.

## ANALYSIS

The EAJA provides that the court may grant attorney's fees if it finds first, that the claimant prevailed in the litigation, and second, that the government was not substantially justified in its position and no special circumstances make a fee award unjust. 28 U.S.C. § 2412(d)(1)(A). The position of the United States means the position taken by it in the civil action, and also the action, or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412 (d)(2)(D).

We review the denial of an award under the Act for abuse of discretion. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir.1986); *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1318 (8th Cir.1986). Conclusions of law are reviewed *de novo;* findings of fact are reviewed for clear error. *United States v. Estridge*, 797 F.2d 1454, 1457 (8th Cir.1986).

■ Although remand for further administrative consideration was not sufficient to make Gamber the prevailing party, receipt of benefits following the remand indicates that he prevailed. *See Kemp v. Heckler*, 777 F.2d 414, 414 (8th Cir.1985); *Cook v. Heckler*, 751 F.2d 240, 241 (8th Cir.1984). The government does not contest Gamber's status as prevailing party.

■ The government bears the burden of proving substantial justification. *Wheat v. Heckler*, 763 F.2d 1025, 1028–29 (8th Cir.1985). This requires that it show more than mere reasonableness. *1,378.65 Acres of Land*, 794 F.2d at 1317–18. It must demonstrate that its position was clearly reasonable, well-founded in law and fact, and solid though not necessarily correct. *Jackson*, 807 F.2d at 128; *1,378.65 Acres of Land*, 794 F.2d at 1318.

The district court concluded that the Secretary's position was supported by the ALJ's decision. It held that the agency's determination was reasonably based on the evidence as the case progressed. Contending that previous employment and near normal physical fitness demonstrated Gamber's ability to work, the government argues that the ALJ's decision was clearly reasonable in law and fact, and that the court properly refused to award fees. We disagree.

■ In Gamber's disability appeal, the court found correctly that Gamber did not receive a fair hearing and was prejudiced by his lack of counsel. Even when a claimant is represented by counsel, the ALJ has a duty to develop the record fully. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir.1985); *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983). Here, when Gamber was not represented by counsel, evidence shows that the ALJ failed to develop the record, ignored Gamber's pain complaints, ignored his job history, and failed to investigate further the claimant's possible mental impairments. This procedure does not support the Secretary's position.

■ In the initial stages of the Secretary's disability analysis, contrary to the district court's determination, the record suggests that the Secretary, and later the ALJ impermissibly fragmented the evidence, isolating certain complaints and ignoring other evidence of disability. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(G); *Yuckert v. Bowen*, —— U.S. ——, ——, 107 S.Ct. 2287, 2296, 96 L.Ed.2d 119 (1987); *Wheat*, 763 F.2d at 1029; *Cornella v. Schweiker*, 728 F.2d 978, 984 (8th Cir.1985)

Other mental impairments that could significantly limit Gamber's ability to work were not considered or investigated by the Secretary or the ALJ. These included the impairment of judgment, social skills and insight noted in the government's intellectual capacity report. *See Parsons*, 739 F.2d at 1340; *Brenner v. Schweiker*, 711 F.2d 96, 98–99 (8th Cir.1983).

■ In later stages of the disability analysis, the Secretary must consider carefully subjective complaints of pain in determining disability. *Anderson v. Heckler*, 805 F.2d 801, 806 (8th Cir.1986). He may not disregard those complaints solely because they are not supported by objective medical evidence. *Id.; Douglas v. Schweiker*, 734 F.2d 399, 400 (8th Cir.1984). The Secretary and the ALJ failed to obtain medical records concerning Gamber's past treatment for pain, or to communicate with either of his treating physicians. Once they determined that the government physician had not found a medical basis for the pain, they failed to develop his testimony concerning pain.

■ In the final step of the vocational analysis, the Secretary bears the burden of proving that the claimant is able to perform work available in the national economy. *Yuckert*, —— U.S. at —— n. 5, 107 S.Ct. at 2294 n. 5. The claimant's actual ability to find and hold a job is to be considered. *See Parsons v. Heckler*, 739 F.2d 1334, 1340 (8th Cir.1984).

■ Here, the ALJ and the Secretary ignored Gamber's job history which provided strong evidence of his low functional ability. The record revealed that for years Gamber had been unable to remain in a job for more than a few weeks or months. His unsuccessful attempts to retain a job indicated a probability that he was incapable of continued employment. *See Miller v. Heckler*, 747 F.2d 475, 478 (8th Cir.1984); *Tennant v. Schweiker*, 682 F.2d 707, 710 (8th Cir.1982).

■ The government contends that its position was reasonable in law and fact because it did not have the benefit of additional evidence of disability before it, nor did it have the benefit of the new Social Security Act amendments and regulations. However, the government's position during the appeal from the denial of disability benefits was that the additional information was irrelevant or cumulative and repetitive. Its position was contrary to well established law in this circuit.

■ In Gamber's appeal, the fact that the district court granted summary judgment for Gamber based on the unfairness

of his hearing suggested that the government was unreasonable in pursuing the litigation. *See Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir.1985). Our review of the record indicates that the district court abused its discretion in finding that the Secretary's position was substantially justified. As Gamber is the prevailing party, and the government was not substantially justified in its position and no special circumstances make a fee award unjust, we remand with directions to grant attorney fees and costs to Gamber.

REVERSED AND REMANDED.