Rolland JACK, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

No. IP 84–1441–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

July 21, 1987.

Jeffrey C. Burris, Indianapolis, Ind., for plaintiff.

John D. Tinder, U.S. Atty., Sue Hendricks Bailey, Asst. U.S. Atty., S.D. Ind., Indianapolis, Ind., and Donald A. Gonya, Chief Counsel, Office of General Counsel, Health and Human Services, Baltimore, Md., for defendant.

MEMORANDUM ENTRY

NOLAND, District Judge.

The plaintiff originally filed his application for disability insurance benefits and supplemental security income (SSI) on August 18, 1983 alleging that he became disabled and unable to work on January 1, 1980. The applications were denied initially and on reconsideration by the Office of Disability Operations. The case was considered *de novo* by an Administrative Law Judge, who after a full hearing found that the plaintiff was not under a disability. The Appeals Council approved the decision of the ALJ on October 15, 1984 rendering it the final decision of the Secretary of Health and Human Services. Thereafter, on October 26, 1984, the plaintiff filed his complaint for judicial review of the final decision of the Secretary in this Court.

On August 28, 1985 while the plaintiff's action for judicial review was pending before the Court, the Secretary published new final regulations in the Federal Register revising the criteria in the sequential evaluation process for categories of mental disorders. Such regulations were promulgated pursuant to Section 5 of the Social Security Disability Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1801, effective October 9, 1984. Section 5(c) of the Disability Reform Act directs the Secretary to readjudicate pursuant to the revised criteria any initial determination that an individual is not under a disability by reason of mental impairment made after the effective date of the Disability Reform Act (October 9, 1984) and the date on which the new criteria were established. Based on the grounds that the Secretary's final decision on the plaintiff's claim was issued on October 15, 1984 and involved the existence of an alleged mental impairment, the plaintiff moved to remand this action for a readjudication of his claim in light of the new mental impairment criteria. The Secretary did not oppose the motion for remand and the action was remanded to the Secretary by order of this Court dated April 15, 1986.

On June 30, 1986 a supplemental hearing was held before an Administrative Law Judge (ALJ). Based upon the new evidence and the testimony at the hearing, and applying the new mental impairment regulations, the ALJ issued a decision recommending that the plaintiff be found to

be disabled. The Appeals Council adopted the decision of the ALJ and awarded the plaintiff continuing disability insurance benefits and SSI benefits.

The supplemental documentation filed by the plaintiff indicates that the accumulated past due benefits payable to the plaintiff and all beneficiaries of the plaintiff by reason of the Secretary's decision equals $88,-469.20. Of that amount, the total sum of $21,800.67 has been withheld for the payment of attorney fees. The petitioner Mr. Burris seeks approval of the sum of $6,112.50 as a fee for the legal services he rendered on behalf of the plaintiff before this Court. The defendant Secretary opposes the fee sought by Mr. Burris as excessive. The fee sought by Mr. Burris amounts to over $140.00 per hour. The Secretary argues that a fee amounting to $100.00 per hour would be a reasonable fee for the legal services rendered by Mr. Burris.

Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b) allows the Court to determine a reasonable fee for the legal representation provided a claimant by an attorney. To determine a reasonable fee, the Court must consider the type of services performed, the complexity of the case, the attorney's competence, the amount of time expended, the results achieved, the level of review to which the claim was taken and the amount of fee requested by the attorney. *See* 20 C.F.R. § 404.1725(b).

The amount of time which Mr. Burris expended on behalf of the plaintiff before this Court is not disputed and totals 42 hours. Mr. Burris prepared the complaint and accompanying memorandum supporting reversal of the Secretary's decision. Mr. Burris also prepared a second motion for remand based upon the revised criteria for mental impairment promulgated by the Secretary. There is no question that Mr. Burris pursued the plaintiff's claim diligently and with the utmost competence throughout the judicial process. The results achieved by Mr. Burris amounted to a total award in excess of $88,000 in past-due benefits being paid to the plaintiff and his various beneficiaries. Mr. Burris argues

that the fee he requests is reasonable because of the contingent nature of this social security case and because the plaintiff had agreed to compensate him in an amount equal to 25% of any past due benefits awarded as a result of his representation.

In *Brissette v. Heckler,* 784 F.2d 864 (8th Cir.1986) cited by the petitioner in support of his contention that the contingent nature of a social security case justifies the fee he seeks, the Eighth Circuit Court of Appeals determined that a fee amounting to $120.00 per hour was not unreasonable where the attorney had agreed to represent the plaintiff after a legal aid organization had already declined representation. The fact that the legal aid organization believed the case lacked merit and refused to proceed indicated the high risk of loss associated with the plaintiff's claim. The petitioner has not shown that the circumstances of the present action involved such a high risk of loss. The Court does not read *Brissette* to stand for the rule that the contingent nature of social security disability cases generally supports a higher fee in every case. *See McDonald v. Weinberger,* 512 F.2d 144 (9th Cir.1975); *McKittrick v. Gardner,* 378 F.2d 872 (4th Cir.1967).

The Court further notes that the remand of this action to the Secretary which resulted in the award of past-due benefits was based upon the revised criteria in the sequential evaluation process for categories of mental disorders contained in regulations promulgated by the Secretary while the plaintiff's action was pending in this Court. The plaintiff's motion to remand the action for a readjudication of his claim in light of the new criteria was not opposed by the Secretary.

Upon a consideration of all of the above factors, the Court finds that a reasonable fee for the legal services rendered by Mr. Burris before this Court on behalf of the plaintiff is $4,200.00. The fee amounts to $100.00 per hour which the Court notes is the usual and customary fee which Mr. Burris states that he charges for the representation of other clients before a federal court. The petitioner may now petition the

Social Security Administration (SSA) to set a reasonable fee for the services which he rendered on the plaintiff's behalf before the ALJ and the SSA.