**Carol A. HOLMBERG, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 87–5010.**

United States District Court, D. South Dakota, W.D.

May 25, 1988.

James D. Leach, Rapid City, S.D., for plaintiff.

Ted L. McBride, Asst. U.S. Atty., Rapid City, S.D., for defendant.

## MEMORANDUM OPINION

BATTEY, District Judge.

Plaintiff seeks an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and Subchapter II of the Social Security Act, 42 U.S.C. § 406(b)(1).

## PROCEDURAL HISTORY

Assisted by her counsel, Dennis Finch, Plaintiff initially applied for social security disability benefits and supplemental security income on September 17, 1985, alleging that the date of July 8, 1983, was the onset date of her disability due to back pain and high blood pressure. After a hearing held on June 16, 1986, the administrative law judge denied Plaintiff's claim. The appeals council upheld the ALJ's ruling. Attorney James D. Leach agreed to proceed with Plaintiff's claim under the terms of a contingency fee contract and subsequently appealed the Secretary's final decision pursuant to 42 U.S.C. § 405(g).

On appeal this Court was provided with a complete record of the case, including, *inter alia,* various medical records and reports of medical doctors who had examined the Plaintiff. Plaintiff also provided this Court with additional new evidence consisting of a psychological examination and report completed by Dr. Frank Buzzetta, Ed.D., at the request of Leach. Dr. Buzzetta's evaluations and examinations indicated that Plaintiff had undergone a modified radical mastectomy in January of 1987, and that breast cancer had again been located. In addition to various gener-

al physical maladies including dizziness, headaches, constipation and blurred vision, the doctor's evaluation also revealed that Plaintiff fell into a borderline range of intellectual functioning. Buzzetta's report also revealed that her MMPI testing had revealed a pattern of psychological maladjustment and that her profile indicated that she could be delusional about her health problems. The psychologist diagnosed Plaintiff as suffering from "an anxiety disorder and a paranoid personality."

Dr. Buzzetta concluded that the Plaintiff would not be likely to perform work on a day-to-day basis.

After reviewing the ALJ's decision in light of the prior administrative record and the new evidence submitted, this Court ordered that the case be remanded to the Secretary for further proceedings consistent with this Court's memorandum (Court's order and memorandum filed July 27, 1987, Document 14). The sum and substance of this Court's opinion discussed the errors made by the ALJ and the necessity for remand. In summary, these errors included: (1) the ALJ's failure to expressly shift the burden of proof; (2) the ALJ's erroneous application of the Medical–Vocational Guidelines insofar as the evidence pointed to the existence of nonexertional impairments—those being pain as indicated by Plaintiff's subjective complaints and a potential mental impairment as indicated by the new evidence presented; and (3) the ALJ's failure to discuss Plaintiff's complaints of pain in light of the five *Polaski* factors.

Because of the fact that it appeared to this Court that the Plaintiff did suffer from some type or combination of nonexertional impairments, it directed that on remand the Secretary obtain an informed medical summary or analysis which would take into account the possibility that Plaintiff's mental condition might cause her to fabricate the existence of physical impairments. It was this Court's belief that such a summary would explain the extent to which Plaintiff's impairments, whether exertional or nonexertional, affected her ability to perform a recognizable job. In the same light,

it was also the further direction of this Court that the Secretary produce expert vocational testimony to establish the number of jobs available which the Plaintiff could perform.

The conclusion of this Court's memorandum noted that the Court was not asserting that the ALJ's decision was unsupported by substantial evidence. Instead, the remand was based upon the procedural mandate of this circuit's case law and also upon the fact that new evidence had been submitted which the Court believed needed further elaboration and examination. However, this Court indicated its strong belief that on remand the Secretary would find the Plaintiff to be disabled.

On remand, no hearing was held as the Secretary had recommended that a finding of disability be made. Accordingly, on January 22, 1988, the appeals council adopted the Secretary's recommended decision that the Plaintiff would be entitled to disability benefits and supplemental security income.

## DISCUSSION

### A. 42 U.S.C. § 406(b)(1)

Pursuant to 42 U.S.C. § 406(b)(1), counsel for Plaintiff has requested that this Court determine and allow a total fee award of $3,275.86 which equals 25 percent of the total past due benefits received by the Plaintiff. Counsel for Plaintiff has also moved this Court to allow him to collect directly from the Plaintiff the South Dakota sales tax of $195.55 imposed upon the attorney's fee. This request is grounded upon the terms of a contingency fee contract for legal services executed between Plaintiff and her counsel on March 5, 1987. In pertinent part the contract provides:

If any benefits are obtained, the fee for this representation will be 25 percent of all past due benefits obtained. This may be more or less than the amount withheld by Social Security for payment of attorney's fees. If no benefits of any kind are obtained, there will be no fee.

As of February 29, 1988, the Social Security Administration had retained 25 per-

cent of Plaintiff's past due benefits ($2,351.70). This amount was held by the Social Security Administration for payment of attorney's fees. *See* 20 C.F.R. §§ 404.-1720–404.1730 (1987). On March 18, 1988, counsel for the Plaintiff was informed that Plaintiff was to receive additional past due social security income (SSI) of $3,696.67 which originally had been denied the Plaintiff. Accordingly, counsel for · Plaintiff amended his original motion for section 406(b)(1) attorney's fees on April 12, 1988, to include 25 percent of the additional past due SSI received by the Plaintiff. This amount equals $924.16. Thus the total amount of attorney's fees sought equals $3,275.86. Counsel for Plaintiff also requests that this Court allow him to collect directly from his client South Dakota sales tax of $196.55.

In response to the Plaintiff's section 406(b)(1) motion for attorney's fees, the Secretary agrees that a prevailing Plaintiff's counsel can request up to 25 percent of the past due benefits received by his client. However, the Secretary challenges the reasonableness of such an award in this case based upon the reason that counsel for the Plaintiff has not expended a sufficient number of hours on the case to justify an award of 25 percent of Plaintiff's past due benefits. The Secretary asserts that 8.75 of the hours expended by Plaintiff's attorney were performed during the course of administrative proceedings are not compensable under the law. By dividing the 25 percent contingency fee of $3,275.86 by the number of hours expended by the Plaintiff's counsel in the judicial phase of the case, (29.5 hours), the result is an approximate hourly rate of $111.[1]

With respect to an award of sales tax, the record reflects that the Social Security Administration treats sales tax on attor-ney's fees as an expense within the meaning of 20 C.F.R. § 404.1725(b)(1)(vii) which, if shown on an attorney fee petition, may be collected directly from the Plaintiff.[2]

42 U.S.C. § 406(b)(1) provides:

Whenever a court renders a judgment favorable to a claimant under this chapter who was represented before the Court by an attorney, the Court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provision of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

A court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1) where the claimant receives a favorable administrative decision following remand of the case to the Secretary for further consideration. *Burnett v. Heckler,* 756 F.2d 621, 624 (8th Cir.1985). Pursuant to section 406(b)(1), "the court may determine and award as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled...." The Secretary has defined "past due benefits" by regulation as "the total amount of benefits payable under Title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision up to, but not including, the month the determination or

---

**1.** Plaintiff's counsel, James D. Leach, has declared that the total time expended in this case equals 39.75 hours, which is the equivalent of an hourly rate of $82.41. Plaintiff's figure of 39.75 hours equals the total of 29.50 hours litigating the case before this Court plus 5.9 hours attorney Leach spent at the administrative level, plus an additional 4.35 hours Plaintiff's previous counsel, Dennis Finch, expended at the adminis-trative level. Plaintiff's counsel asserts that these figures lead to an hourly rate of $82.41.

**2.** *See* letter of Sandy Crank, Associate Commissioner for Retirement and Survivor's Insurance, Department of Health and Human Services, dated November 18, 1987, appended to Plaintiff's initial section 406(b)(1) motion for determination and allowance of fee.

decision is made." 20 C.F.R. § 404.1703 (1987).

With respect to contingent fee contracts, two principles are important. First, a contingent fee contract does not bind a district court in its determination of an attorney fee award. *Brissette v. Heckler,* 784 F.2d 864, 866 (8th Cir.1986) adopting *MacDonald v. Weinberger,* 512 F.2d 144, 146–47 (9th Cir.1975); *McKittrick v. Gardner,* 378 F.2d 872 (4th Cir.1967). Second, a district court is without jurisdiction to award a fee for services at the administrative level. *Brissette v. Heckler,* 613 F.Supp. 722, 725 (E.D.Mo.1985) *aff'd in part, rev'd and remanded* 784 F.2d 864 (8th Cir.1986). Fees for legal services performed at the agency level are committed by statute to the discretion of the Secretary of Health and Human Services. *Id.,* citing *Whitt v. Califano,* 601 F.2d 160 (4th Cir.1979); *MacDonald v. Weinberger,* 512 F.2d 144 (9th Cir.1975); *Fenix v. Finch,* 436 F.2d 831 (8th Cir.1971).

With respect to an award under section 406(b)(1), the only issue presented in this case is whether the 25 percent contingency fee award of $3,275.86 is reasonable.

This Court is guided by the seesaw history of *Brissette v. Heckler,* 784 F.2d 864 (8th Cir.1986). In *Brissette,* a claimant appealed an administrative determination through which he had been denied disability benefits. The district court affirmed the denial of disability benefits (*Brissette v. Schweiker,* 566 F.Supp. 626 (E.D. Mo. 1983)), but the court of appeals remanded the case to the Secretary for further proceedings. *Brissette v. Heckler,* 730 F.2d 548 (8th Cir.1984). On remand, the claimant was awarded benefits. On claimant's subsequent motion for attorney's fees, the district court refused to award any attorney's fees under the EAJA (28 U.S.C. § 2412) and determined that the claimant's

attorney would only be allowed to recover a portion of the 25 percent of accrued past due benefits held by the Social Security Administration as attorney's fees pursuant to 42 U.S.C. § 406(b)(1). *Brissette v. Heckler,* 613 F.Supp. 722 (E.D.Mo.1985). On the case's second trip to the court of appeals, Senior Circuit Judge Bright affirmed and adopted the district court's decision with respect to the denial of attorney's fees under the EAJA. *Brissette v. Heckler,* 784 F.2d 864 (8th Cir.1986). However, the court reversed the district court's opinion with respect to its section 406(b)(1) attorney fee award. *Id.* at 866.

The attorney in *Brissette* had a 25 percent contingent fee contract with the claimant. *Id.* at 865. Like the Plaintiff herein, the attorney petitioned the district court for the 25 percent statutory maximum of past due benefits based upon the terms of that contract. *Id.* The district court disallowed the 25 percent contingent fee claim and instead awarded a "reasonable hourly rate" of $60 per hour for 46.25 hours "expended by the attorney in preparation of the judicial phase of the case."[3] *Id.*

On appeal, the Eighth Circuit Court held that the attorney should have been compensated at $120 per hour for the 46.25 hours spent by the attorney representing his client in the judicial phase of the case ($5,540).[4]

Mathematical computation shows that the court of appeals' final award of $5,540 was $4,159.12 less than the total 25 percent contingency fee sought ($9,699.12 − $5,540). However, it was twice as much as the district had originally awarded. The reason that the hourly rate was increased from $60 to $120 was based upon the "high risk nature of the case." *Id.* at 866. The procedural history of the case showed that the claimant had initially obtained counsel from a legal aid corporation. *Id.* at 865.

---

3. The Social Security Administration had withheld $9,699.12 for payment of attorney's fees which represented 25 percent of the accrued past due benefits to the claimant. *Brissette,* 613 F.Supp. at 725. The district court awarded $2,775 ($60 times 46.25). *Id.* at 726. Fees requested for services performed at the administrative level were disallowed. *Id.,* n. 1.

4. The Eighth Circuit Court opinion reflects a miscalculation with respect to the final amount awarded. $120 × 46.25 hours spent equals $5,550 and not $5,540. *Cf. Brissette,* 784 F.2d at 866.

After the case had proceeded administratively and on appeal to the district court without success, the legal aid corporation declined to expend further time or money on the case. *Id.* At that point, the claimant obtained the services of an attorney named Reid for a contingent fee. *Id.* This attorney briefed and argued the appeal in the Eighth Circuit and obtained a remand of the case to the Secretary. *Brissette v. Heckler,* 730 F.2d 548 (8th Cir.1984). Thereafter, the attorney represented the claimant in an abbreviated hearing before an ALJ which resulted in a recommendation that the claimant continue to receive benefits which included past due benefits. *Brissette,* 784 F.2d at 865. The court of appeals reasoned that "when Reid agreed to represent the claimant, he obviously accepted a case with a high risk of loss, which would, if lost, produce no fee." *Id.* at 865–66.

Success in social security cases is obtained when a claimant prevails on his or her claim. A fair reading of *Brissette* shows that for the attorney, the success is tempered to the extent that the attorney's fee is measured by the quantity and quality of the time expended in obtaining benefits for his client in relationship to the risks associated with taking the case. A cap on this fee has been set by Congress at 25 percent of past due benefits awarded. 42 U.S.C. § 406(b)(1).

■ In this case, the Plaintiff was first represented by attorney Dennis Finch who guided the case through the administrative hearing process. The ALJ denied the Plaintiff any benefits. Attorney Finch then requested a review of the ALJ's decision. That request for review was denied by the appeals council on December 5, 1986. The record reflects that the total amount of time spent by Finch on the administrative phase of the case equaled 4.35 hours. (See n. 1, *supra.*)

On February 2, 1987, Plaintiff filed her appeal with this Court. The record reflects that attorney James D. Leach was now Plaintiff's new counsel. On March 5, 1987, the Plaintiff and Leach entered into the 25 percent contingent fee arrangement.

Plaintiff was then successful in obtaining a remand to the Secretary at which point the appeals council recommended that the disability benefits and social security income be awarded. No further hearing was held.

This Court finds that the risks assumed by attorney Leach were substantially similar to those assumed by the attorney in *Brissette.* In fact, the record reflects that attorney's Leach's efforts in obtaining this Court's order of remand to the Secretary were commendable. Counsel represented his client in a most capable, articulate, and imaginable manner. One of the reasons this Court ordered the remand was based upon the new psychological evidence presented by Dr. Buzzetta. The Court notes that it was Leach who referred the Plaintiff to Dr. Buzzetta.

The Court adopts the Secretary's figures with respect to the valuation of counsel's time in this case. As set out earlier, attorney's fees are only awardable for time expended in the judicial phase of the process. *Brissette,* 613 F.Supp. at 725. However, noting the circuit court's award of $120 per hour in *Brissette,* this Court finds that the maximum 25 percent contingent fee award in this case, which computes to an hourly rate of $111 per hour, is reasonable in light of the risks associated with the case and the level of success achieved. Accordingly, consistent with this opinion, an order will be entered granting the statutory maximum 25 percent fee of $3,275.86. In addition, the Court will, consistent with the opinion of the Secretary, allow for the collection from Plaintiff of the sales tax imposed upon the attorney's fee of $195.55 as being a proper expense as per 20 C.F.R. § 404.1725(b)(1)(vii).

**B. Equal Access to Justice Act—28 U.S.C. § 2412**

Pursuant to 28 U.S.C. § 2412, Plaintiff has moved this Court for an order awarding Plaintiff's counsel attorney's fees and costs. The government resists the Plaintiff's motion, arguing that its position throughout the course of this action was substantially justified.

Under federal law, attorney's fees may be awarded against the United States only

if such an award is specifically provided by statute. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). The EAJA became effective on October 1, 1981, and was to run for a three-year test period during which the act expanded the liability of the United States for the payment of attorney's fees and other expenses when another party prevailed over the United States in either an "adversary" adjudication, i.e., when the United States is represented by counsel or otherwise, or in a civil action. H.R.Rep. No. 99–120, Part 1, 99th Cong., 1st Sess., *reprinted in part in* 1985 U.S.Code Cong. & Admin.News 132, 136 (discussing 1985 amendments to 1981 EAJA in light of the Act's original purpose). The United States could only escape liability if (1) it demonstrated that the position of the United States was substantially justified or (2) if special circumstances would make an award unjust. *Id.* Thus, the 1981 Act represented another exception to the "American rule" that litigants pay their own attorney's fees. *Cornella v. Schweiker*, 728 F.2d 978, 981 (8th Cir.1984) (other citations omitted).

> This standard represents a middle ground between an automatic award of fees and an award only where the government's position was frivolous. (Citations omitted.) Where the government forces a party into "lengthy administrative proceedings before final vindication of his or her rights ... the government should have to make a strong showing ... that its action was reasonable." (Citations omitted.) The fact that the government lost the case, however,

does not raise a presumption that its position was not substantially justified. (Citations omitted.)

*Id.* at 982.

In 1985, in response to the recognition that agencies and courts were misconstruing the Act, Congress amended the 1981 EAJA (the "Amendments"). Pub.L. No. 99–80, 99 Stat. 183, legislative history H.R. Rep. No. 99–120, Part I, 99th Cong. 1st Sess. *reprinted in part in* 1985 U.S.Code Cong. & Admin.News 137.[5] With respect to the meaning of "substantial justification," the legislative history of the amendments reflects that some courts had not been following the intent of Congress. 1985 U.S.Code Cong. & Admin.News 138. The 1985 amendments made it clear that the test of substantial justification was more than mere reasonableness.[6] *Id.*

The amended statute in pertinent part now provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded, pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances made an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The "position of the United States" means in addition to the position taken by

---

**5.** Courts had been construing "position of the United States" in a narrow fashion which helped the federal government escape liability for awards. 1985 U.S.Code Cong. & Admin. News 137. The committee on the judiciary, to whom the bill [H.R. 2378] was referred to amend the 1981 Act, intended to make it clear that a broader meaning would apply such that the "position of the United States" would not be limited to the government's litigation position but would include the action—including agency action—which led to the litigation. *Id.*

**6.** The legislative history of the amendments reflects the confusion among the courts. "Especially puzzling, however, have been statements

by some courts that an administrative decision may be substantially justified under the Act even if it must be reversed because it was arbitrary and capricious or was not supported by substantial evidence." (Footnote omitted). Agency action found to be arbitrary and capricious or *unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act.* Only the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act. H.R.Rep. No. 99–120, Part I, reprinted in part in 1985 U.S.Code Cong. & Admin.News 138 (emphasis added).

the United States in the civil action, the action or failure to act by the agency upon which the action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings. 28 U.S.C. § 2412(d)(2)(D).

The legislative history of the amendments reflect that Congress left the determination of what would be "substantially justified" a matter of judicial interpretation on a case-by-case basis. *See* 1985 U.S.Code Cong. & Admin.News 138. In this respect, this circuit has modified the test set forth in *Cornella* (strong showing that its action was reasonable). Under the amendments, "the government now must show not merely that its position was marginally reasonable; its position must be *clearly reasonable, well-founded in law and fact* (footnote omitted), *solid though not necessarily correct."* (Emphasis added.) *United States v. 1378.65 Acres of Land,* 794 F.2d 1313, 1318 (8th Cir.1986) (court of appeals held that government's position in a condemnation action was substantially justified). This construction of the new amendments to the EAJA was adopted in the social security case of *Gamber v. Bowen,* 823 F.2d 242, 244 (8th Cir.1987) (*quoting 1378.65 Acres of Land,* 794 F.2d at 1318; *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986)) in an appeal of this district court's order denying the claimant's attorney[7] fees and costs under the EAJA. The court of appeals reversed this Court's decision, holding that this court had abused its discretion in finding that the Secretary's position was substantially justified. *Gamber,* 823 F.2d at 246.

The factual basis in *Gamber* is similar to that presented in this case. As in *Gamber,* the government in this case does not contest Plaintiff's status as a prevailing party. *Id.* at 244. Receipt by the claimant of benefits following remand indicates that the claimant prevailed. *Kemp v. Heckler,* 777 F.2d 414, 444 (8th Cir.1985). Accordingly, the only question presented for purposes of this Plaintiff's EAJA attorney's

fees motion is whether the government has satisfied its burden that its position both at the administrative level and in litigation, has been substantially justified, i.e., that its position was "clearly reasonable, well-founded in law and fact, and solid though not necessarily correct." *Gamber,* 823 F.2d at 244.

In *Gamber,* the claimant complained of back, stomach, and chest pain and, with an IQ of 68, had been placed in a category of severe, mild retardation. *Id.* at 244. At its first hearing, without the representation of counsel, the ALJ denied the claimant benefits. *Id.* Even though the ALJ recognized that the claimant was retarded, the judge found that he lacked additional impairments needed to classify him as disabled. On appeal to this district court, he presented affidavits in support of his complaints of pain and new evidence regarding significant emotional problems. This court remanded the case and on remand the claimant was granted benefits. *Id.* This Court subsequently denied the attorney's fees sought pursuant to the EAJA. *Id.*

In *Gamber,* the court of appeals held that the ALJ's failure to develop the record in light of that claimant's complaints of pain, job history, and possible mental impairments was sufficient to establish that the Secretary's position was not supported. *Id.* at 245. The court held that in the initial stages of the Secretary's disability analysis, the record suggested that the Secretary, and later the ALJ, had impermissibly fragmented the evidence. *Id.* (Citations omitted.) In addition, the ALJ in *Gamber* had failed to consider other medical impairments which might significantly limit the claimant's ability to work. *Id.* (Citations omitted.)

With respect to the later stages of the disability analysis, the court in *Gamber* held that the Secretary and ALJ's failure to obtain medical records concerning the claimant's past treatment for pain and failure to communicate with either of the treating physicians was error because complaints of pain must be considered carefully (*Anderson v. Heckler,* 805 F.2d 801, 806

---

7. Attorney James D. Leach represented the claimant in *Gamber.*

(8th Cir.1986)) and could not be disregarded solely because they were not supported by objective medical evidence (*Anderson; Douglas v. Schweiker*, 734 F.2d 399, 400 (8th Cir.1984)). *Gamber*, 823 F.2d at 245. Finally, the ALJ and Secretary had ignored the claimant's job history which had provided strong evidence of low functional ability and unsuccessful attempts to retain a job. These errors also supported the Eighth Circuit Court's conclusion that the government's position was not substantially justified in light of the rule that the Secretary bears the burden of proving that the claimant is able to perform work available in the national economy and his or her ability to do so should be considered. *Id.*, citing *Bowen v. Yuckert*, ⸺ U.S. ⸺, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987); *Parsons v. Heckler*, 739 F.2d 1334, 1340 (8th Cir.1984). The court of appeals noted that this court had granted summary judgment in the claimant's favor based upon the unfairness of the ALJ hearing which indicated that the government was unreasonable in pursuing the litigation. *Gamber*, 823 F.2d at 246, citing *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985).

█ This Court finds that the government's position in this case was not substantially justified. This Court's order and memorandum opinion filed July 27, 1987, reflects that the case was remanded to the Secretary because the ALJ had erred in applying the five *Polaski* factors. *See* Court's memorandum opinion, Document 14, pages 9 through 13. Because the ALJ had failed to expressly set forth an analysis of how Plaintiff's complaints of pain were inconsistent with the medical evidence presented, this Court stated that it would be well within its discretion to remand the case on that single ground. *Id.* at 13. However, the new evidence of Plaintiff's possible mental impairments were an additional ground for remand in light of new evidence indicating the possibility that the Plaintiff might be delusional regarding her physical impairments. *Id.* at 13–17. The evidence of Plaintiff's complaints of pain in addition to the possibility of mental impairments led this Court to believe that the Plaintiff suffered from some type or combination of nonexertional impairments. *Id.* at 15. If this were the case, the ALJ and Secretary would have erred in the application of the Medical–Vocational Guidelines. *Id.* at 18–19. An additional ground for remand was based on the ALJ's failure to expressly shift the burden of proof. *Id.* On remand, the Secretary was directed to produce expert vocational testimony as well as an informed medical summary or analysis explaining to what extent Plaintiff's impairments would affect her ability to perform a recognizable job. *Id.* at 16, 19. On remand, this Court's strong belief that Plaintiff was disabled was confirmed. Without further hearing her presentation of evidence, the Secretary awarded Plaintiff her past due disability benefits, as well as future medical insurance benefits, and monthly disability benefits.

To satisfy its burden the government relies in part on this Court's statement in its memorandum opinion that the court was "not asserting that the ALJ's decision was unsupported by substantial evidence." *Id.* at 20. Given this circuit's decision in *Gamber*, this argument must fail. This Court's findings published in its memorandum opinion clearly establish that the Secretary and ALJ failed to follow the procedural mandates of this circuit. *Id.* at 20. Combining these errors with the fact that Plaintiff received without hearing an award of both past and future benefits, such factors lead this Court to the conclusion that the government's position was unreasonable, not well-founded in law nor in fact, and accordingly, not substantially justified.

Pursuant to 28 U.S.C. § 2412, Plaintiff has submitted the following itemization of attorney's fees and costs:

| Attorney's Fees | |
|---|---|
| 31 hours at $75/hr | $2,325.00 |
| Sales Tax | |
| S.D. 7% sales tax | 162.75 |
| | $2,487.75 |
| Dr. Buzzetta fees | 200.00 |
| | $2,687.75 |
| Bill of costs | 181.93 |
| Total fees and costs claimed | $2,869.68 |

The government argues that Plaintiff should not be allowed to recover sales tax because it is not an item defined by section 2412(d)(1)(A) as "fees and other expenses." In addition, the government argues that Plaintiff has failed to meet the burden of prevailing market rate with respect to Dr. Buzzetta's psychological evaluation.

It is well-settled that a state and the subordinate taxing units thereof are without power to subject to taxation the property of the federal government, or the means, instrumentalities, and the agents thereof which it employs to carry out its proper functions, unless Congress expressly confers a right upon the state to tax such agencies, instrumentalities, or property. *See generally* 68 Am.Jur.2d, *Sales and Use Taxes* § 41. Plaintiff has not set forth any authority under the EAJA which allows for the recovery of sales tax. However, Plaintiff does direct the Court to the fact that sales taxes were allowed in addition to those costs and fees sought in *Gamber v. Bowen* following that claimant's successful appeal to the Eighth Circuit Court of Appeals. *See Gamber v. Bowen,* Civil No. 84–5130, Court Document 58, filed August 27, 1987.

■ In view of the fact that this circuit's court of appeals has allowed sales tax as a part of the attorney's fee award pursuant to the EAJA, this Court will grant Plaintiff's request for $162.75 in sales taxes.

Plaintiff's reply memorandum and accompanying supplemental declaration of her attorney, James D. Leach, reveals that the $200 claim for the work performed by Dr. Buzzetta is well within the range of reasonableness contemplated by the EAJA. Accordingly, the $200 claim for compensation for those services performed by Dr. Buzzetta will be allowed.

## C. Dual Entitlement: Fees and Expenses Awarded Under Both EAJA and Social Security Act

■ The 1985 amendments to the EAJA (the Amendments), Pub.L. No. 99–80 [H.R. 2378], Section 3, August 5, 1985, 99 Stat.

183, 186, provided that section 206 of the Equal Access to Justice Act (28 U.S.C. § 2412) would be amended by adding at the end thereof the following:

Section 206(b) of the Social Security Act (42 U.S.C. § 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of Title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that act and section 2412(d) of Title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

The legislative history of Pub.L. No. 99–80, 99 Stat. 183, *supra,* notes:

The bill [H.R. 2378] clarifies that an EAJA award in social security cases is not precluded by the fee provision in the Social Security Act, 42 U.S.C. § 406(b). The bill also prohibits attorneys from collecting both EAJA fees and section 406(b) fees in the same case. *In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant.* (Emphasis added.)

1985 U.S.Code Cong. & Admin.News 132, 135–36.

Given the fact that this Court has determined that Plaintiff should receive fees and expenses under both the EAJA and the Social Security Act, it will be ordered that the Plaintiff's attorney will refund the smaller of the two awards to the Plaintiff.

## CONCLUSION

Consistent with this Court's memorandum opinion, an order will be entered granting Plaintiff's request for reasonable attorney's fees and costs pursuant to 42 U.S.C. § 406(b)(1) and 28 U.S.C. § 2412. The smaller of the two awards shall be refunded by Plaintiff's counsel to the Plaintiff.

This Court has considered Plaintiff's request that this Court order the payment of attorney's fees within thirty days of deci-

sion. This Court finds it unnecessary to prioritize the payment of this Plaintiff's fee vis-a-vis other claimants, thereby placing an unnecessary burden upon the government.