**Robert FREEDLE, Plaintiff,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CV–R–84–117–ECR.**

United States District Court, D. Nevada.

Nov. 4, 1987.

Henry W. Cavallera, Reno, Nev., for plaintiff.

William Maddox, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

The plaintiff, Robert Freedle, brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Secretary of Health and Human Services denying his claim for disability insurance benefits. By order of April 1, 1985, the case was remanded to the Secretary for further administrative action (docket # 13). Subsequently, the Secretary issued a determination that plaintiff is entitled to a period of disability and disability insurance benefits. Based on that determination, plaintiff has been awarded approximately $27,000 in past-due benefits. Of that amount, $6,889.60 has been withheld for a possible award of attorney's fees under 42 U.S.C. § 406.

On March 20, 1987, the Court awarded $2135 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The $2135 covered 28.2 hours of legal work performed by plaintiff's counsel, Henry W. Cavallara, in district court proceedings in this case. The $2135 was to be paid by the defendant, and every indication is that defendant has provided a check in such amount to Mr. Cavallara.

Also, the Social Security Administration has authorized Mr. Cavallara to charge the plaintiff $2400 for services rendered in administrative proceedings in this case. That amount comes out of the $6,889.60 withheld from plaintiff's past-due benefits for possible attorney's fees.

It is against this backdrop that Mr. Cavallara makes the motion now before the Court. He moves for an allowance of attorney's fees of $1800 under 42 U.S.C. § 406(b)(1) (docket # 19). The defendant Secretary of Health and Human Services opposes the motion (docket # 21).

The present application for attorney's fees is for 28.3 hours of legal work performed by Mr. Cavallara in district court proceedings in this case. While Mr. Cavallara has not filed a new itemization of the legal work for which he now seeks reimbursement, it is clear that reimbursement is sought for the same legal work for which an award of attorney's fees of $2135 has been granted under the EAJA.

The EAJA, under which plaintiff has recovered fees, provides for the shifting of the burden of attorney's fees from the private litigant to the government in order to reduce the chance that the expense of legal representation will deter defense against unreasonable governmental action. *Wolverton v. Heckler,* 726 F.2d 580, 582 (9th Cir.1984), *citing,* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5, *reprinted in* 1980 U.S. Code Cong. & Admin. News 4953, 4984. Recovery under the EAJA is generally limited to $75/hour.

The Social Security Act, on the other hand, does not provide for fee shifting. 42 U.S.C. § 406(b)(1) simply protects Social Security claimants from large attorney's fees by limiting the amount awardable to twenty-five percent of the past-due benefits recovered. *Wolverton,* 726 F.2d 580, 582, *citing,* S.Rep.No. 404, 89th Cong., 1st Sess., *reprinted in* 1965 U.S. Code Cong. & Admin. News 1943, 2062. Under 42 U.S.C. § 406(b)(1), the attorney's fees are payable out of and not in addition to the award of past-due benefits. *Id.*

The specific issue faced here is whether Mr. Cavallara may recover $1800 under 42 U.S.C. § 406(b)(1) after previously recovering $2135 under the EAJA for the same time.

Legislation enacted in 1985 sheds light on the question. Pub.L. 99–80, § 3, 99 Stat. 186 (published in the notes following 28 U.S.C. § 2412) provides:

> Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses

under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

The house report on Pub.L. 99–80 is helpful:

> It is the Committee's intent that when fee awards are made ... under the EAJA, and provision is also allowed under the Social Security Act for recovery of attorney fees of up to 25% of the claimant's benefits, that the EAJA award should be used as a set off to reduce the payment which the claimant would otherwise owe the attorney. Thus, ... an attorney for a ... claimant would be precluded from receiving both EAJA and Social Security Act fees. Without this amendment it was argued, "double dipping" was possible.
>
> .   .   .   .   .
>
> Because the Committee is aware of the important function served by counsel in these cases, the Committee permits the attorney to seek recovery under both authorizations. The attorney, however, may keep the larger fee, but must return the amount of the smaller fee to the claimant.

H.R.Rep. No. 99–120, 99th Cong., 1st Sess. 20, *reprinted in* 1985 U.S. Code Cong. & Admin. News 132, 148–149.

■ The legislation is clear. An attorney for a social security claimant may apply for attorney's fees under both the EAJA and 42 U.S.C. § 406, but must reimburse the claimant the amount of the smaller of the two awards.

■ Defendant points to these sources and argues that Mr. Cavallara seeks double recovery for his services and that the Court should prevent the double recovery by denying the present motion.

A fair reading of Mr. Cavallara's motion, however, indicates that he does not seek a second complete recovery of fees for his services before this Court. He seeks to increase his recovery for those services from $2135 to $3935 (2135 + 1800). This is clear from the fact that Mr. Cavallara frankly acknowledges his prior recovery of $2135. It is also clear from the fact that Mr. Cavallara totals the attorney's fees he seeks to recover and comes up with $6555. (It appears that he means $6335, the total of 2400, 2135 and 1800).

The Court, then, construes the motion of Mr. Cavallara as one for attorney's fees of $3935 for services performed before this Court. The motion, in actually seeking only $1800, inherently includes a reimbursement to plaintiff of the $2135 recovered under the EAJA.

A fee of $3935 for the work of Mr. Cavallara before this Court amounts to $140/hour (3935 divided by 28.2). The Court finds that Mr. Cavallara spent a reasonable amount of time on district court proceedings in this case and that $140 is a reasonable hourly fee.

To the extent that $140/hr. is an unusually high fee, the Court finds that the *"Kerr"* factors mandate such a fee. Those factors, set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), are (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limits imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See also Miller v. Los Angeles Bd. of Education,* 827 F.2d 617, 620–21 (9th Cir.1987). Of these factors, an important consideration in this case is the nature of the case; social security cases require specialized expertise.

Mr. Cavallara is an experienced social security attorney. His customary hourly fee ranges from $110–150/hr. He took the present case on a contingency fee basis. Also important is the result obtained: Mr. Cavallara succeeded in obtaining a remand of the case to the Administrative Law Judge and a reversal of the outcome at that level. The plaintiff was awarded total past-due benefits of over $27,000 as well as future disability benefits.

The Court concludes that a total attorney's fee of $3935 for work performed before this Court by Mr. Cavallara is reasonable. This amount is greater than the $2135 already recovered by Mr. Cavallara under the EAJA and the latter must, therefore, be reimbursed to the plaintiff. This is accomplished by simply subtracting $2135 from $3935 and awarding Mr. Cavallara $1800 from the withheld past-due benefits.

IT IS, THEREFORE, HEREBY ORDERED that the motion of plaintiff's counsel, Henry W. Cavallara, for allowance of attorney's fees (docket # 19) is *GRANTED*.

IT IS FURTHER ORDERED that an allowance of an attorney's fee of $1800 is hereby authorized and is to be paid to Henry W. Cavallara from the past-due benefits of the claimant.