**Aimee GRUNSEICH**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration**

**No. CV 03–6120 RC.**

United States District Court, C.D. California.

June 8, 2006.

Young Cho, attorney-at-law with the Law Offices of Lawrence D. Rohlfing, Santa Fe Springs, for Plaintiff.

Cedina M. Kim, Assistant United States Attorney, Los Angeles, CA, for Defendant.

CHAPMAN, United States Magistrate Judge.

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**

On May 9, 2006, plaintiff Aimee Grunseich filed a motion for attorney's fees under 42 U.S.C. § 406(b), with a supporting memorandum of points and authorities and the supporting declaration of her counsel, Young Cho, with exhibits. On May 25, 2006, defendant filed her response to plaintiff's motion. Plaintiff did not file a reply. This motion is decided in Chambers without oral argument, pursuant to Local Rule 7–15.

## DISCUSSION

"[Section] 406(b) [of Title 42 U.S.C.] does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Therefore, in assessing plaintiff's request for attorney's fees under Section 406(b), this Court must first determine whether a fee agreement has been executed between the plaintiff and her attorney, and, if so, whether such agreement is enforceable. *Id.; Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir.1989) (en banc). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits"; however, "[w]ithin the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht,* 535 U.S. at 807, 122 S.Ct. at 1828.

In assessing whether a contingency fee agreement is reasonable, "[c]ourts ... have [considered] the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808, 122 S.Ct. at 1828. For example, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order." *Id.; Mudd v. Barnhart,* 418 F.3d 424, 428 (4th Cir.2005). Here, the amount of fees sought by plaintiff's counsel—$10,000.00— although significantly less than 25% of the past-due benefits awarded plaintiff, amounts to $157.00 per hour for paralegal work and $1,242.36 per hour for attorney work,[1] which is not reasonable. *See Hodg-*

---

**1.** Plaintiff characterizes the effective hourly rates in this case as "$1,058.65 for attorney

time and $508.16 for paralegal time[.]" Plaintiff's Memorandum at ·7:11–12. The

*es–Williams v. Barnhart,* 400 F.Supp.2d 1093, 1099 (D.Ill.2005) (contingency fee award which "would amount to an hourly rate of more than $1,000 per hour" is unreasonable).

To determine the appropriate amount of attorney's fees in this matter, a brief history of the case is necessary. This action was filed on August 27, 2003, and on January 23, 2004, the parties stipulated to, and this Court ordered, that the matter be remanded to the Social Security Administration ("SSA") pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment was entered accordingly. Thereafter, the parties stipulated to attorney's fees to plaintiff in the amount of $1,400.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and the Court ordered those attorney's fees be paid to plaintiff.

Here, plaintiff's counsel, Young Cho, provides a declaration establishing a contingent fee agreement with plaintiff that was entered into on August 11, 2003, in which plaintiff agreed to pay the Law Offices of Lawrence D. Rohlfing 25% of any back benefits awarded to her. Cho Decl., ¶ 2, Exh. 1. Upon remand of this matter to SSA, an administrative hearing was held at which plaintiff was represented by her attorney, Young Cho, Cho Decl., ¶ 3, Exh. 2 at 32, which resulted in plaintiff being awarded Title II disability benefits effective October 4, 2000, totaling approximately $80,000.00 in back benefits. Cho Decl., ¶¶ 3–4, Exhs. 2–3. Time sheets submitted by plaintiff's counsel establish that in 2003 and 2004, his/her firm expended 3.95 paralegal hours and 7.55 attorney hours on plaintiff's case. Cho Decl., ¶ 5, Exh. 4.[2]

■ Since the Court does not find $10,000.00 to be reasonable attorney's fees, it will set a reasonable rate for paralegal and attorney services in this matter.[3] In setting these reasonable rates, the Court attempts to find a balance between the hourly rate of attorney's fees in non-contingent litigation and the reality of contingent fee litigation such as this, wherein plaintiff's counsel takes a chance plaintiff will prevail, and often, when plaintiff does not prevail, receives no compensation at all. *Rodriquez,* 865 F.2d at 746; *see also Wells v. Sullivan,* 907 F.2d 367, 371–72 (2d Cir.1990)("[M]any attorneys are unwilling to accept the risk of nonpayment without a guaranteed contingency percentage of the recovery.").

---

Commissioner calculates the hourly rate for attorney time at $1,242.36 and for paralegal time at $157.00. Defendant's Response at 6:1–11. The confusion is caused by deficiencies in the declaration of Young Cho, who does not provide or state the actual billing rates for paralegal Kelly Hernandez. *See* Declaration of Young Cho at ¶¶ 12–13. Given this failure, the Court cannot accept plaintiff's characterization and instead relies on the Commissioner's understanding of plaintiff's requested hourly rates.

**2.** However, the time sheets submitted by plaintiff do not include time spent filing the pending motion for attorney's fees under Section 406(b).

**3.** In arguing the requested attorney's fees are reasonable, Young Cho relies heavily on publications entitled *The 2000 Small Law Firm Economic Survey* and *The 2001 Small Law Firm Economic Survey* (collectively "the Surveys") even though this Court has repeatedly rejected reliance on the Surveys. *See,* e.g., *Cortez v. Barnhart,* CV 99–10535–RC ("To support his claim, plaintiff has presented the declaration of his attorney, Young Cho, with attached exhibits, including a publication entitled *The 2000 Small Law Firm Economic Survey,* 24 (Altman Weil, Inc.2000) ('Survey')" ... [; however,] "[t]his Court has previously rejected reliance on the Survey for several reasons, including the lack of evidence documenting the methodology utilized in the Survey, and plaintiff's counsel is well aware of this. *See Ortega v. Barnhart,* CV 99–9632–RC. Thus, this Court is mystified by plaintiff's counsel's continued reliance on the Survey.").

In light of the modest amount of legal work performed on this case, the Court finds a reasonable award for paralegal work to be $120.00 per hour and for attorney's fees to be four times that amount or $600.00 per hour, for a total of $7,074.00, which includes 3.45 hours of attorney's time in seeking attorney's fees. *See*, e.g., *Yarnevic v. Apfel*, 359 F.Supp.2d 1363, 1365–66 (N.D.Ga.2005) (approving attorney's fees at a $643.00 effective hourly rate); *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1036–38 (N.D.Cal.2003) (approving attorney's fees at a $450.00 effective hourly rate). Of this amount, the $1,400.00 in attorney's fees previously paid plaintiff under the EAJA should be offset. *Gisbrecht*, 535 U.S. at 796, 122 S.Ct. at 1822; *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986).

## ORDER

Plaintiff's motion for attorney's fees IS GRANTED, and defendant IS ORDERED to pay plaintiff attorney's fees in the total amount of $5,674.00, pursuant to 42 U.S.C. § 406(b), no later than thirty (30) days from the date of this Order.