Osvaldo GARCIA

v.

Michael J. ASTRUE, Commissioner
of Social Security[1].

No. CV 00–8240–RC.

United States District Court,
C.D. California.

Aug. 7, 2007.

investigation and discovery." Fed.R.Civ.P. 11(b)(3).

1. Pursuant to Fed.R.Civ.P. 25(d)(1), Michael J. Astrue is substituted as the defendant in the action.

James Patrick Shea, Susan R. Wasserman Law Offices, Los Angeles, CA, for Plaintiff.

Russell W. Chittenden, AUSA–Office of US Attorney, Civil Division, Los Angeles, CA, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On June 22, 2007, plaintiff Osvaldo Garcia filed a motion for attorney's fees under 42 U.S.C. § 406(b), a supporting memorandum of points and authorities and the supporting declaration of his counsel, James P. Shea, with exhibits. On July 9, 2007, defendant filed his response to plaintiff's motion, and plaintiff did not file a reply. This motion is decided in Chambers without oral argument, pursuant to Local Rule 7–15.

### BACKGROUND

On April 2, 1991, plaintiff applied for disability benefits under Title II and Title XVI (the Supplemental Security Income Program ("S.S.I.")) of the Social Security Act, 42 U.S.C. §§ 423, 1382(a). Declaration of James P. Shea ("Shea Decl.") ¶ 3, Exh. 2.[2] Plaintiff's applications

---

**2.** Pursuant to Fed.R.Evid. 201, this Court takes judicial notice of documents from the Social Security Administration ("S.S.A.") attached to Mr. Shea's declaration. *Overstreet v. United Brotherhood of Carpenters & Joiners of Amer., Local Union No. 1506,* 409 F.3d 1199, 1203–04 n. 7 (9th Cir.2005); *Biggs v. Terhune,* 334 F.3d 910, 915–16 n. 3 (9th Cir. 2003).

were denied at all levels of administrative review, with the Appeals Council denying review on September 28, 1994. *Id.*

■ On November 8, 1994, plaintiff entered into a contingent fee agreement with his counsel's law firm, which, in pertinent part, provided that plaintiff "agree[s] to pay, for Attorney's services, 25% of all retroactive benefits awarded ... as a result of a Favorable Decision or Partially Favorable Decision on [his] claim(s)." Shea Decl. ¶ 2, Exh. 1.[3] On November 10, 1994, plaintiff filed his initial complaint in this district court, seeking review of the Commissioner's decision denying his applications for disability benefits, and on April 22, 1996, the Court reversed the Commissioner's decision and remanded the matter to the S.S.A. for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). *Garcia v. Sec'y of Health & Human Servs.*, CV 94–7623–ER (VAP) ("Garcia I").[4] On May 20, 1996, the Court awarded fees to plaintiff's counsel under the Equal Access to Justice Act ("the EAJA"), in the amount of $5,856.00.

Following remand, plaintiff's applications for disability benefits were again denied at all administrative levels, with the Appeals Council denying review a second time. Shea Decl. ¶ 3, Exh. 2. The plaintiff again sought judicial review, filing the pending action on August 4, 2000. On January 18, 2001, pursuant to the parties' stipulation, this Court remanded the matter to the S.S.A., pursuant to sentence six of 42 U.S.C. § 405(g).

Following the second remand, plaintiff's applications were again denied; however, the Appeals Council granted review and remanded the matter for a de novo hearing. Shea Decl. ¶ 3, Exh. 2. On January 10, 2005, following the de novo hearing, an administrative law judge awarded plaintiff disability benefits under both Title II and S.S.I., based on the applications he filed on April 2, 1991. *Id.* As a result, the S.S.A. awarded plaintiff (and his dependent children) past-due or retroactive disability benefits of $234,318.00, and withheld $58,579.50 for attorney's fees. Shea Decl. ¶ 4, Exh. 3. Pursuant to the parties' stipulation, this Court reopened plaintiff's case on September 6, 2006, and on September 8, 2006, entered judgment in favor of plaintiff. On November 1, 2006, pursuant to the parties' stipulation, this Court awarded attorney fees and costs under the EAJA to plaintiff's counsel in the total amount of $7,650.00 ($7,500.00 in fees and $150.00 in costs). On May 25, 2007, S.S.A. awarded attorney fees to plaintiff's counsel in the amount of $38,656.50 under 42 U.S.C. § 406(a) for work performed at the administrative level. Shea Decl. ¶ 7, Exh. 5.

## DISCUSSION

■ The plaintiff seeks attorney's fees under 42 U.S.C. § 406(b), which provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part 2 of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant

---

**3.** Although the fee agreement is not properly authenticated, since the Commissioner does not challenge its authenticity, the Court will consider it to be authentic in addressing plaintiff's motion. Fed.R.Evid. 901(b)(4); *see also Alexander Dawson, Inc. v. Nat'l Labor Relations Bd.*, 586 F.2d 1300, 1302 (9th Cir.1978) (per curiam) ("The content of a

document, when considered with the circumstances surrounding its discovery, is an adequate basis for a ruling admitting it into evidence.").

**4.** Pursuant to Fed.R.Evid. 201, this Court takes judicial notice of all documents in Garcia I.

is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). However, "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Rather, under Section 406(b), this Court must first determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable. *Id.; Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989) (en banc). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits"; however, "[w]ithin the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807, 122 S.Ct. at 1828.

 Plaintiff's counsel now seeks fees under Section 406(b) in the amount of $13,356.00 for work performed in this district court. These fees cover 58.50 hours of work on Garcia I and 3.35 hours of work on the current matter.[5] Shea Decl. ¶ 5, Exh. 4. However, the Commissioner contends that although plaintiff was ultimately successful in obtaining disability benefits, his counsel is not entitled to attorney's fees under Section 406(b) for work performed in Garcia I "[b]ecause that action did not lead to an award of benefits, but resulted only in continued administrative and judicial proceedings ...." Response at 7:23–8:5. The Court disagrees.

As the Seventh Circuit has noted:

Reading the statute as a whole, we do not believe Congress meant that the only time at which fees could be awarded is the time of the judgment. By authorizing the attorney to be paid directly out of the claimant's past-due benefits, Congress intended to make it easier, not harder for attorneys to collect their fees. A more appropriate reading of § 406(b)(1) is that a judgment favorable to the claimant is merely a prerequisite to a fee award under the statute. [¶] ... Prior to 1965, § 406 authorized the [Commissioner] to set a maximum fee that an attorney could charge for his representation of a claimant before the Administration. But the Social Security Act contained no provision authorizing a court to award attorney's fees for the prosecution of a successful claim before the court. Thus, the attorney and his client were free to negotiate attorney's fees for in-court representation. The limited legislative history of § 406(b)(1) suggests that in enacting § 406(b)(1) Congress sought to prevent attorneys from charging social security claimants excessive fees and to guarantee that attorneys rendering effective services to social security claimants in federal court would receive reasonable compensation for their services. *See* S.Rep. No. 404, 89th Cong., 1st Sess., *reprinted in* 1965 U.S.Code Cong. & Ad. News, 1943, 2062....

---

**5.** The time sheets submitted by plaintiff's counsel also include time spent before S.S.A. following the sentence 6 remand. *See* Shea Decl. ¶ 5, Exh. 4. However, counsel has already received compensation for this time by S.S.A. under Section 406(a), and he is not seeking further compensation here. *See* Motion at 4:2 & n. 1. Nor could this Court award plaintiff's counsel such compensation since "[t]he court has no authority to award an attorney's fee for representation of a claimant before the [S.S.A.], that power being granted by 42 U.S.C. § 406(a) to the [Commissioner] alone." *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir.1975); *Stenswick v. Bowen*, 815 F.2d 519, 521 (9th Cir.1987).

*Smith v. Bowen*, 815 F.2d 1152, 1155 (7th Cir.1987) (en banc) (some citations omitted), *cited with approval in Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir.2006).

■ Although the Ninth Circuit has not directly addressed the issue before the Court, it has "generally assumed without addressing the issue that fees are available under § 406(b) because past-due benefits have been conspicuously awarded without objection by the SSA." *Bergen*, 454 F.3d at 1277 (citing, e.g., *Straw v. Bowen*, 866 F.2d 1167, 1168–69 (9th Cir.1989); *MacDonald*, 512 F.2d at 145–46). Moreover, all other circuits to consider the issue before the Court have found that Section 406(b) authorizes a district court to award attorney's fees when the district court remands the case to the S.S.A. for further proceedings and, following the remand, the claimant is subsequently awarded past-due benefits. *See id.; McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir.2006); *Smith*, 815 F.2d at 1155; *Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir.1967). Indeed, as the Tenth Circuit has cogently explained:

> [Section] 406(b)(1) allows a district court to award attorney's fees in conjunction with a remand for further proceedings; it is not required, as a predicate to a § 406(b)(1) fee award, that the district court remand for an award of benefits. Of course, a predicate to a § 406(b)(1) fee award is that the claimant eventually be awarded past-due benefits, whether at the agency level or during further judicial proceedings.

*McGraw* 450 F.3d at 503; *see also Conner*, 381 F.2d at 500 ("The [Commissioner's] authority to award counsel fees extends only to services rendered at the administrative stage. No appeal from his decision may be taken. The [Commissioner], in turn, is powerless to award fees for services rendered in court. In the face of

these facts the [Commissioner] would have us limit the court's power to award fees to those situations in which the District Court entered a judgment specifically awarding benefits. Under this view, an attorney, such as counsel in this case, who renders substantial service before the court and is successful in obtaining a remand which ultimately leads to an award of benefits would be compensated only for work done at the administrative level; his labors in court, no matter how effective and productive as in the instant case, would go unrewarded. This might tend to discourage attorneys from undertaking to represent claimants in such cases. . . . It would further appear that counsel seeking judicial review of the [Commissioner's] denial of benefits would be loath to request a remand—no matter how appropriate—especially where there appeared to be a strong possibility that the [Commissioner's] decision would be reversed by the court." (citations omitted)).

Here, the Court's remand under sentence four of Garcia I ultimately led to the award of past-due benefits to plaintiff following further judicial and administrative proceedings; thus, plaintiff's counsel is entitled to attorney's fees under Section 406(b) for the time spent litigating Garcia I and this action before the district court. *Bergen*, 454 F.3d at 1277; *McGraw*, 450 F.3d at 503; *Smith*, 815 F.2d at 1155; *Conner*, 381 F.2d at 500. In assessing whether a contingency fee agreement is reasonable, "[c]ourts . . . have [considered] the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808, 122 S.Ct. at 1828. Moreover, the Court has attempted to find a balance between the hourly rate of attorney's fees in non-contingent litigation and the reality of contingent fee litigation, such as this, wherein plaintiff's counsel takes a chance plaintiff will prevail, and often, when plaintiff does not prevail, receives no

compensation at all. *Grunseich v. Barnhart*, 439 F.Supp.2d 1032, 1034 (C.D.Cal. 2006).

Here, this Court finds counsel's requested attorney's fees in the total amount of $13,356.00 for 61.85 hours of work, which calculates at the rate of $215.94 per hour, is reasonable in light of the legal standards set forth in *Gisbrecht* and the facts of this case. Thus, plaintiff's counsel should be awarded attorney's fees in the amount of $13,356.00 under Section 406(b), which, when added to the $38,656.50 in fees counsel has already received under Section 406(a), is less than 25% of the past-due benefits awarded plaintiff. *See*, e.g., *Grunseich*, 439 F.Supp.2d at 1035 (approving attorney's fees of $600.00 per hour); *Yarnevic v. Apfel*, 359 F.Supp.2d 1363, 1365–66 (N.D.Ga.2005) (approving attorney's fees at a $643.00 effective hourly rate); *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1036–38 (N.D.Cal.2003) (approving attorney's fees at a $450.00 effective hourly rate). However, counsel must reimburse plaintiff for fees previously awarded under the EAJA, totaling $13,356.00—the same amount counsel requests here.[6] *Gisbrecht*, 535 U.S. at 796, 122 S.Ct. at 1822; *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986).

## ORDER

Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) IS GRANTED in the total amount of $13,356.00.

---

6. The Commissioner contends "because Section 406(b) covers only attorney time spent in judicial proceedings, [c]ounsel is not required to offset the entire $7,500.00 EAJA award in the instant case but only the portion attributable to the judicial review proceedings. That is because the $7,500.00 compensates Counsel for post-Sentence Six administrative time in addition to the time spent before this Court." Response at 8:6–16. However, since counsel was awarded attorney's fees under Section 406(a) only for the "post-Sentence Six administrative time[,]" there is no need for apportionment.