**Emilio A. CHAPA, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant.**

No. CV 09–4614–E.

United States District Court, C.D. California.

April 25, 2011.

---

Young Chul Cho, Law Offices of Lawrence D. Rohlfing, Santa Fe Springs, CA, for Plaintiff.

Assistant U.S. Attorneys, Office of U.S. Attorney, Office of the General Counsel for Social Security Adm. Los Angeles, CA, Paul H. Sachelari, Office of U.S. Attorney, U.S. Department of Justice, San Francisco, CA, for Defendant.

### ORDER RE: "COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)"

CHARLES F. EICK, United States Magistrate Judge.

On December 20, 2010, counsel for Plaintiff filed "Counsel's Notice of Motion

and Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), etc." ("Motion"). On January 20, 2011, Defendant filed a response ("Defendant's Response"). On February 10, 2011, counsel for Plaintiff filed a reply ("Reply"). Counsel for Plaintiff seeks attorney fees in the amount of $10,000, with an order to reimburse Plaintiff $4,080 from the $6,400 previously awarded as attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").

## BACKGROUND

The Court previously remanded this matter to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. section 405(g). See "Memorandum Opinion and Order of Remand," filed on February 1, 2010 (finding that Plaintiff had submitted "new evidence" material to the disability determination). On remand, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff was represented by his current counsel (Motion, Ex. 2 at 6). The ALJ found Plaintiff disabled, and the Administration subsequently awarded past-due benefits to Plaintiff totaling $40,069 (Motion, Ex. 2 at 6–16 (ALJ's favorable decision); Ex. 3 at 3). From that award, the Administration has withheld 25 percent, or $10,017.25, for a possible award of attorney fees under 42 U.S.C. section 406 (Motion, Ex. 3 at 2).

Following the Administration's award of benefits, in accordance with a stipulation by the parties, the Court entered judgment for Plaintiff and awarded Plaintiff $6,400 in attorney fees and expenses under the EAJA. See "Judgment" filed on December 15, 2010; "Order Awarding [EAJA] Attorney Fees and Expenses Pursuant to 28 U.S.C. § 2412(d)" filed on January 18, 2011; see also "Stipulation for the Award and Payment of Attorney Fees and Expenses Pursuant to the [EAJA], etc." filed on December 20, 2010 ("Stipulation").

Plaintiff's counsel represented Plaintiff under a contingent fee agreement providing for fees in the amount of 25 percent of past-due benefits for work before the court. See Motion, Ex. 1 (providing for a fee of 25 percent of past-due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Administration, and a "separate" fee of 25 percent of past-due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court). Twenty-five percent of the past-due benefits awarded is $10,017.25—a fee slightly larger than the $10,000 counsel now is seeking under section 406(b).[1]

## APPLICABLE LAW

Attorneys who successfully represent Social Security claimants may petition for fee awards under 42 U.S.C. sections 406(a) and (b), and/or under the EAJA, as applicable. "Section 406(a) grants the Social Security Administration exclusive jurisdic-

---

1. In Clark v. Astrue, 529 F.3d 1211 (9th Cir. 2008) ("Clark"), the Ninth Circuit held that the 25 percent cap on fees under section 406(b) is not a cap for total fees awarded under sections 406(a) and 406(b). Id. at 1215–16 (combined 406(a) and 406(b) fees can exceed 25 percent of past due benefits). While the fee agreement in the present case arguably provides for two separate 25 percent fee awards for time spent before the Administration and for time spent before the court, Plaintiff's counsel has not requested more than a 25 percent recovery. See Motion at 1; see also Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court"). Plaintiff's counsel has acknowledged that, should the Court award the $10,000 fee requested, counsel will not file any request for fees under 42 U.S.C. section 406(a) for time spent before the Administration. See Motion at 5–6.

tion to award attorney's fees for representation of a Social Security Claimant in proceedings before the Administration. Similarly, [section] 406(b) grants federal courts exclusive jurisdiction to award attorney's fees for representation of the claimant in court." *Clark*, 529 F.3d at 1215; *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir.1975) (also noting exclusive jurisdiction); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794–96, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (*"Gisbrecht"*) (discussing statute); 42 U.S.C. § 406; 20 C.F.R. §§ 404.1728, 416.1528 (Administration will not consider any service an attorney provides for a claimant in state or federal court in determining fees to be paid for services performed before the Administration).[2]

■ Where, as here, the claimant prevails in district court, the claimant also may seek attorney fees under the EAJA. The EAJA authorizes a court to award attorney fees to a prevailing party *"in any civil action"* against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).[3]

Fees recovered under sections 406(a) and (b) are paid to the attorney from the claimant's past-due benefits, whereas fees recovered under the EAJA are paid by the federal government. *See* 42 U.S.C. § 406(b)(1)(A) (fee is payable "out of, and not in addition to, the amount of [ ] past-due benefits"); *see also* 20 C.F.R. §§ 404.1720(b)(4), 404.1728(b), 404.1730, 416.1520(b)(4), 416.1528, 416.1530 (providing that fees payable under sections 406(a) and 406(b) are paid out of a claimant's past-due benefits); 28 U.S.C. § 2412(b) (providing that the United States is liable for fees payable under the EAJA); *see also Freedle v. Bowen*, 674 F.Supp. 799, 800–01 (D.Nev.1987) (discussing difference between EAJA's fee-shifting structure and fees available under the Social Security Act).

When an attorney receives fees under both section 406(b) and the EAJA "for the same work," the attorney must reimburse the claimant for the smaller of the two awards, as provided in legislation enacted in 1985 (Act of Aug. 5, 1985, Pub.L. No. 99–80, § 3, 99 Stat. 183) (published in the notes following 28 U.S.C. § 2412) ("Public Law No. 99–80"):

Section 206(b) of the Social Security Act (42 U.S.C. [section] 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code [the EAJA]. Section

**2.** Section 406(a) of Title 42 provides two ways in which an attorney can be paid for work performed before the Administration. First, the attorney may petition the Commissioner, who fixes a "reasonable fee" for the attorney's services. *See* 42 U.S.C. § 406(a)(1) ("whenever the Commissioner … makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix … a reasonable fee to compensate such attorney for the services performed by him in connection with such claim"). Second, the attorney may submit a copy of the fee agreement to the Commissioner prior to Commissioner's determination, which the Commissioner will approve at the

time of a favorable determination, if the fee specified does not exceed the lesser of 25 percent of past-due benefits or $4,000 (increased to $6,000 effective June 22, 2009). *See* 42 U.S.C. § 406(a)(2); 74 Fed.Reg. 6080–02 (Feb. 4, 2009) (increasing maximum fee). In Plaintiff's case, the ALJ did not approve of the fee agreement under section 406(a)(2). *See* Motion, Ex. 2 at 4 (order).

**3.** When available, EAJA fees are owed to the claimant rather than to the claimant's attorney. *See Astrue v. Ratliff*, — U.S. ——, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010). In their fee agreements, however, claimants often assign their rights to receive EAJA fees to their attorneys.

206(b)(2) of the Social Security Act [Section 406(b)(2), which makes it a misdemeanor for an attorney to charge, demand, receive or collect fees in excess of those allowed by court] shall not apply with respect to any such award but only if, where the claimant's attorney receives fees *for the same work* under both [Section 406(b)(1) ] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee.

(emphasis added).[4] A refund to the claimant of the smaller of the EAJA and section 406(b) awards effectively increases the amount of past-due benefits a successful claimant receives. *See Gisbrecht,* 535 U.S. at 796, 122 S.Ct. 1817; *see also Hearn v. Barnhart,* 262 F.Supp.2d 1033, 1036 (N.D.Cal.2003) (discussing same).

 Four years after the enactment of Public Law No. 99–80, the Supreme Court decided *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989) (*"Sullivan "*). The *Sullivan* Court held for the first time that a prevailing claimant could recover attorney fees under the EAJA not only for the time spent by the attorney representing the claimant in court, but also for the time spent by the attorney representing the claimant in administrative proceedings subsequent to a remand under sentence six of 42 U.S.C. section 405(g). The Court explained:

> [W]here a court orders a remand to the [Commissioner] in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the [Commissioner] which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the "civil action" for judicial review and thus attorney's fees for representation on remand are available subject to other limitations in the EAJA.

*Sullivan,* 490 U.S. at 892, 109 S.Ct. 2248.[5]

## DISCUSSION

4. The House Report on Public Law No. 99–80 explains:
> It is the Committee's intent that when fee awards are made ... under the EAJA, and provision is also allowed under the Social Security Act for recovery of attorney fees of up to 25% of the claimant's benefits, that the EAJA award should be used as a set off to reduce the payment which the claimant would otherwise owe the attorney. Thus ... an attorney for a ... claimant would be precluded from receiving both EAJA and Social Security Act fees. Without this amendment it was argued, "double dipping" was possible. Such double payments are inappropriate and deprive the plaintiff of the benefits intended by the EAJA. Because the Committee is aware of the important function served by counsel in these cases, the Committee permits the attorney to seek recovery under both authorizations. The attorney, however, may keep the larger fee, but must return the amount of the smaller fee to the claimant.

H.R.Rep. No. 99–120(I), at § 3 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 148–49.

5. To award fees under the EAJA, a federal court must have jurisdiction over the underlying action. *See Zambrano v. I.N.S.,* 282 F.3d 1145, 1149–50, *amended,* 302 F.3d 909 (9th Cir.2002). Compensation for attorney work performed during post-remand administrative proceedings is available only when a court retains jurisdiction. *See Sullivan,* 490 U.S. at 892, 109 S.Ct. 2248. When a court remands under sentence six of 42 U.S.C. section 405(g), the court retains jurisdiction and thus the ability to award EAJA compensation for post-remand administrative work. *See Shalala v. Schaefer,* 509 U.S. 292, 300 n. 4, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). By contrast, when a court remands under sentence four of 42 U.S.C. section 405(g), ordinarily the court will not retain jurisdiction to permit EAJA fees for post-remand administrative work. *See Shalala v. Schaefer,* 509 U.S. at 299–300 & n. 4, 113 S.Ct. 2625 (explaining that a sentence four remand terminates a civil action); *but see Flores v. Shalala,* 49 F.3d 562, 571 (9th Cir.1995) (where district court erroneously retained jurisdiction after sentence four remand without objection, the claimant was deemed eligible for EAJA fees for post-remand administrative work).

Turning first to the issue of the appropriate amount of a section 406(b) fee in the present case, the Court finds that the requested $10,000 fee is reasonable for the work counsel performed before the Court. Section 406(b)(1) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant ... who was represented *before the court* by an attorney, the court may determine and allow as part of its judgment a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled ... In case of any such judgment, no other fee may be payable ... for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added). According to the United States Supreme Court, section 406(b):

> does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within this 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht*, 535 U.S. at 807, 122 S.Ct. 1817 (citations omitted).[6]

The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Gisbrecht*, 535 U.S. at 808, 122 S.Ct. 1817. The Court appropriately may reduce counsel's recovery:

> based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* (citations omitted).

Here, the fee Plaintiff's counsel seeks does not exceed the agreed-upon 25 percent of past-due benefits for work before the Court. Neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought. Plaintiff's counsel was not responsible for any significant delay in securing Plaintiff's benefits. Because the present case is legally indistinguishable from *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir.2009), this Court is unable to find that a comparison of the benefits secured and the time Plaintiff's counsel spent on the matter suggest the unreasonableness of the fee sought. Therefore, the Court concludes that "the fee sought is reasonable for the services rendered," within the meaning of *Gisbrecht*.

---

**6.** While contingent-fee agreements are the primary means for setting fees in the section 406(b) context, prevailing market rates are the means for setting fees under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(A) ("[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished"); H.R.Rep. No. 96–1418, at § 3 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984 (legislative history explaining that "the computation of attorney fees should be based on prevailing market rates without reference to the fee arrangements between the attorney and client").

■ Having determined that $10,000 is a reasonable fee under 42 U.S.C. section 406(b), the Court now considers counsel's request that Plaintiff be reimbursed only a portion of the previous EAJA fee award. Counsel alleges that, of the $6,400 stipulated EAJA award, $4,080 is attributable to work before the Court and $2,320 is attributable to work before the Administration subsequent to the sentence six remand (Motion at 3). Counsel maintains that only $4,080 should be offset against the section 406(b) fees, arguing that only $4,080 represents fees "for the same work" for which section 406(b) fees are now being awarded (Motion at 3). *See* Public Law No. 99–80.

Counsel has provided an itemized billing statement for the time counsel and his paralegal spent representing Plaintiff before the Court and before the Administration (Motion, Ex. 4). Counsel reports 21.5 hours of attorney time and 2.9 hours of paralegal time spent before the Court, and 14.6 hours of attorney time and 4.4 hours of paralegal time spent before the Administration on remand (*Id.*). Compensating counsel at the prevailing EAJA hourly rates, which differ slightly from those rates counsel reports (compare Motion, Ex. 5),[7] yields the following calculations:

**Attorney**

| Court Time | Year | EAJA Rate | Total |
|---|---|---|---|
| 19.5 hours | 2009 | $ 172.24 | $3,358.68 |
| 2.0 hours | 2010 | $ 175.06 | $ 350.12 |
| | | | $3,708.80 |

**Attorney**
*Administration Time*

| 14.6 hours | 2010 | $ 175.06 | $2,555.88 |
|---|---|---|---|

| Total Attorney Compensation | | | $6,264.68[8] |
|---|---|---|---|

Counsel reports billing his paralegal's time at $112.12 per hour for EAJA purposes (Motion at 6). Compensating the paralegal's time at this rate yields the following calculations:

**Paralegal**

| Court Time | Rate | Total |
|---|---|---|
| 2.9 hours | $112.12 | $325.15 |

**Paralegal**
*Administration Time*

| 4.4 hours | $112.12 | $493.33 |
|---|---|---|

| Total Paralegal Compensation | | $818.48 |
|---|---|---|

If compensated according to these rates, Plaintiff's counsel arguably would have been entitled to $7,083.16 in EAJA fees for time spent by counsel and his paralegal in representing Plaintiff (*i.e.*, $6,264.68 attorney time + $818.48 paralegal time). *See Sullivan*, 490 U.S. at 892, 109 S.Ct. 2248. However, the parties stipulated to an EAJA compromise settlement of $6,400 for "all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action" (Motion at 6; *see also* Stipulation at 1–2). Plaintiff's counsel has offered to assume that 100 percent of the time that counsel and his paralegal spent before the Court was compensated in the EAJA award, despite the compromise nature of the award (Motion at 6). Giving Plaintiff credit for all the attorney and paralegal time spent before the Court would yield a refund of $4,033.95 (*i.e.*, $3,708.80 attorney time + $325.15 paralegal time)—an amount slightly less than the $4,080 refund counsel proposes.

Defendant contends that counsel should refund to Plaintiff the entire EAJA award of $6,400, even though part of this award represents work done before the Adminis-

7. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act" (available online at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Mar. 10, 2011)), providing for the rates noted above.

8. The Court properly has calculated the EAJA rates based on the year in which counsel performed the work at issue. *See Sorenson v. Mink*, 239 F.3d 1140, 1148–49 (9th Cir.2001) (courts should calculate EAJA fees based on the rates applicable when the work occurred); *compare* Motion at 7 (counsel calculating amounts as if all work was performed in 2010).

tration. *See* Defendant's Response at 4–5 (citing *Gisbrecht*, 535 U.S. at 796, 122 S.Ct. 1817). In *Gisbrecht*, the Supreme Court stated generally that Public Law No. 99–80 requires a claimant's attorney to refund the smaller of the EAJA award or the section 406(b) award. *Gisbrecht*, 535 U.S. at 796, 122 S.Ct. 1817. The *Gisbrecht* Court explained:

> Congress harmonized fees payable by the Government under EAJA with fees payable under [section] 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee."

*Gisbrecht*, 535 U.S. at 796, 122 S.Ct. 1817 (quoting Pub.L. No. 99–80). However, the general language in *Gisbrecht* does not necessarily answer the specific question posed in the present case: Does Public Law No. 99–80 require a claimant's attorney who receives a section 406(b) fee to refund the entirety of a lesser EAJA fee award, even when the EAJA award included an amount for time spent before the Administration following a sentence six remand?

By its express terms, Public Law No. 99–80 requires a claimant's attorney to refund the smaller of the two fees only "where the claimant's attorney receives fees *for the same work* under both [section 406(b) ] and [the EAJA]." *See* Pub.L. No. 99–80 (emphasis added). As explained above, section 406(b) provides for attorney fees only for time spent "before the court." 42 U.S.C. § 406(b)(1); *see Clark*, 529 F.3d at 1215 ("[section] 406(b) empowers courts to award attorney's fees based only on representation before the court"); *but see Nunez Sanchez v. Commissioner of Social Sec.*, 2008 WL 8053665, at *7 (D.Puerto Rico Apr. 23, 2008), *adopted*, 2010 WL 3282943 (D.Puerto Rico Aug. 17, 2010) (stating that court may award section 406(b) fees for the work performed during administrative proceedings). In the Ninth Circuit at least, it necessarily follows that the portion of an EAJA fee awarded for work in administrative proceedings after a sentence six remand cannot have been "for the same work" as the work compensated by a section 406(b) award.[9] Therefore, in light of the plain meaning of Public Law No. 99–80 and section 406(b), and the necessary consequences of the holdings in *Sullivan* and *Clark*, this Court determines that Plaintiff's counsel need only refund to Plaintiff those portions of the EAJA award attributable to the time counsel and his paralegal spent "before the court," that is, $4,033.95.

The Court acknowledges that the present decision finds little or no support in case law. Most if not all other courts awarding 406(b) fees and lesser EAJA fees following sentence six remands ordered the refund of the entire EAJA fee, but those courts did so without specifically acknowledging or addressing the issue discussed herein.[10] *See, e.g., Salvo v. Commissioner*, 751 F.Supp.2d 666, 673–74, 675–77, 2010 WL 4705138, at *6, *8–*9

---

**9.** In drafting Public Law No. 99–80, Congress may not have foreseen any need to offset fees for *administrative* work, because EAJA fee awards in 1985 typically did not include any compensation for administrative work. It was not until four years later that the Supreme Court interpreted "a civil action" under the EAJA potentially to include administrative proceedings. *See Sullivan*, 490 U.S. 877, 109 S.Ct. 2248 (1989).

**10.** Plaintiff's counsel has cited *Rice v. Astrue*, 609 F.3d 831, 837–38 (5th Cir.2010), as suggesting the potential for offsetting administrative EAJA fees against section 406(a) fee awards—and presumably as authority for ordering less than a full offset here. *See* Reply at 5, n. 1. The issue in *Rice* was whether a district court may condition the granting of an EAJA award following a *sentence four* remand on counsel offsetting any future section

(S.D.N.Y. Nov. 8, 2010) (ordering full off-set of EAJA fees recovered following sentence six remand without discussion, even though some of the EAJA fees appear to have been for administrative work); *Quinton v. Astrue,* 2010 WL 2245038 (E.D.Okla. June 4, 2010) (ordering full offset of EAJA fees without discussion); *Jones v. Astrue,* 2008 WL 563996, at *1–*2 (N.D.Fla. Feb. 28, 2008) (ordering full offset of EAJA fees following sentence six remand without discussion, but noting that EAJA fees were paid for work spent on the claimant's behalf in court); *Ugorek v. Astrue,* 2008 WL 169737, at *2, *5–*6 (M.D.Fla. Jan. 17, 2008) (ordering full offset of EAJA fees following sentence six and sentence four remands without discussion, but where counsel had separately recovered section 406(a) fees); *Burt v. Apfel,* 2000 WL 422342, *1, at *3 (D.Kan. Mar. 16, 2000) (ordering full offset of EAJA fees following sentence six remand without discussion); *Hayes v. Callahan,* 973 F.Supp. 1290, 1291–92 (D.Kan.1997) (ordering full offset of EAJA fees following sentence six remand without discussion, but where counsel had already received section 406(a) fees and conceded that counsel must refund the entirety of the EAJA fee).

A few courts have touched on the issue discussed in the present case without directly adjudicating the issue. In *Garcia v. Astrue,* 500 F.Supp.2d 1239, 1244, n. 6 (C.D.Cal.2007), the court mentioned in a footnote the possibility of refunding less than a full EAJA fee award following a sentence six remand. The *Garcia* Court rejected *the Commissioner's* contention that the claimant's counsel was not required to offset against a section 406(b) award the entire EAJA fee previously awarded, which reportedly had included compensation for work before the Administration. Without further explanation, the *Garcia* Court observed that counsel already had recovered fees under section *406(a)* for counsel's post-sentence six administrative work, so there assertedly was no need for apportionment of the EAJA fee. *Garcia v. Astrue,* 500 F.Supp.2d at 1244, n. 6.

In *Free v. Astrue,* 2010 WL 5575278, at *3 (E.D.Tenn. Dec. 15, 2010), *report and recommendation adopted by* 2011 WL 111676 (E.D.Tenn. Jan. 13, 2011), the court granted an attorney's section 406(b) and EAJA fee requests following a sentence six remand. In so doing, the *Free* Court indicated that the claimant's counsel would be required to refund the smaller of the section 406(b) fees and the EAJA fees "for the same work." The claimant's attorney evidently had submitted that the claimant should receive a full offset of the EAJA fee, even though the EAJA fee would include compensation for post-remand administrative work, because counsel previously had been compensated under section 406(a). *Id.* at *3. The *Free* Court stopped short of commenting directly on counsel's submission, saying: "Therefore, this Court finds that should both the petition and [sic] for EAJA and 406(b) attorney's fees be

406(a) award the claimant might receive. *Rice v. Astrue,* 609 F.3d at 834. The Fifth Circuit found no authority for the district court so to condition the EAJA award, since the EAJA award for the sentence four remand by definition did not include compensation for any administrative work. *Id.* at 837–38 ("[a]s long as the EAJA award is not given for work done before at the administrative level, no savings clause [like that included in Public Law No. 99–80] is needed for [section]

406(a)"). The *Rice* Court noted that it was expressing no opinion concerning attorney fees in cases involving sentence six remands. *Rice v. Astrue,* 609 F.3d at 833 n. 3. The *Rice* decision is not particularly instructive on the issue before this Court, *i.e.,* how a court should account for an EAJA award that includes compensation for post-*sentence six* remand administrative work, when granting *section 406(b)* fees.

awarded. [sic]". *Id.* at *3. Notwithstanding the evident typographical errors or omissions in the foregoing quotation, the fact that the *Free* Court ultimately directed payment to the claimant of the entire EAJA fee seems to suggest that the *Free* Court accepted counsel's submission. *See Free v. Astrue,* 2011 WL 111676, at *1 (E.D.Tenn. Jan. 13, 2011).

Lastly, in *Kopulos v. Barnhart,* 318 F.Supp.2d 657, 667 (N.D.Ill.2004), a case involving a sentence four remand, the court rendered a seemingly *sui generis* interpretation of the "for the same work" terminology in Public Law No. 99–80. The *Kopulos* Court essentially translated "for the same work" to mean "for any work done on the same claim." *Id.* The issue in *Kopulos* did not concern EAJA fees that represented both administrative work and work before the court. Rather, the issue in *Kopulos* was whether multiple EAJA fee awards for work before the court in a case that had been remanded several times should be offset against a section 406(b) fee award, even though the first few remands arguably did not result in the award of benefits. The *Kopulos* Court conceded that its translation of "for the same work" to mean "for any work done on the same claim" purposed the maximization of benefits to claimants and the minimization of the work of reviewing courts. *Id.* at 667–68.

■ This Court finds unpersuasive the *Kopulos* Court's interpretation of Public Law No. 99–80. Simply stated, "for the same work" means "for the same work," not "for any work done on the same claim." "[T]he meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . . the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *see United States Nat'l Bank v. Independent Ins. Agents of America,* 508 U.S. 439, 454, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) ("[a] statute's plain meaning must be enforced"); *Cowart v. Nicklos Drilling Co.,* 505 U.S. 469, 475, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992) ("when a statute speaks with clarity to an issue[,] judicial inquiry . . . is finished"). The drafters of Public Law No. 99–80 could have dispensed entirely with the phrase "for the same work" if the drafters had intended to require a full refund to the claimant whenever the EAJA and section 406(b) awards arose out of the same claim. This Court hesitates to follow the *Kopulos* Court's apparent determination that Congress chose to employ a wholly superfluous phrase in Public Law No. 99–80. *See Bennett v. Spear,* 520 U.S. 154, 173, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) ("a cardinal principle of statutory construction . . . is to give effect, if possible, to every clause and word of a statute") (citations and quotations omitted); *Walters v. Metropolitan Educ. Enter.,* 519 U.S. 202, 209, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997) ("statutes must be interpreted, if possible to give each word some operative effect").

Although the matter appears beyond the scope of the present case, the Court observes that a straightforward interpretation of Public Law No. 99–80 threatens to enable attorneys less scrupulous than present counsel to recover and retain duplicative fees for the same administrative work. An attorney theoretically could recover section 406(a) fees and EAJA fees for the same post-sentence six remand administrative work, and Public Law No. 99–80 would have nothing to say about the matter.[11] The threat of such a seemingly

---

11. In some circumstances, a criminal sanction might apply, however. *See* 42 U.S.C. § 406(a)(5).

inequitable result, however, cannot transform the text of Public Law No. 99–80 from "[406](b)" to "[406] *(a) or (b)*," any more than concerns with result can transform the text of Public Law No. 99–80 from "for the same work" to "for *any* work done on the *same claim.*" If a "rule is to be amended to eliminate [ ] possibilities of injustice, it must be done by those who have the authority to amend the rules.... It is not for us as enforcers of the rule to amend it under the guise of construing it." *Green v. Bock Laundry Machine Co.,* 490 U.S. 504, 507–08, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989) (citations omitted).[12]

## ORDER

For all the foregoing reasons, section 406(b) fees are allowed in the gross amount of $10,000, to be paid out of the sums withheld by the Commissioner from Plaintiff's benefits. Counsel shall reimburse Plaintiff in the amount of $4,033.95.

IT IS SO ORDERED.

---

**12.** As recognized in footnote 1, Plaintiff's counsel will not receive double recovery for the time counsel and his paralegal spent before the Administration, because counsel has represented he will not seek fees from the Administration under section 406(a). Had Plaintiff's counsel petitioned for section 406(a) fees, the Administration may have considered the EAJA fees counsel previously requested and received in determining what fees, if any, to award for time spent before the Administration. *See* 20 C.F.R. § 404.1725(b) (providing that the Administration generally will consider any fee "authorized or requested before").